## Alexander Roethke v. The Philip Best Brewing Company.

*Contracts: Place: Sales: Liquors: Prohibitory liquor law.* A contract made in another state for the sale of liquors to be delivered in Michigan, such as would be valid at common law, and which is not shown to be invalid where made, cannot be held void by virtue of the prohibitory liquor law of Michigan.

*Prohibitory liquor-law: Money paid for unlawful purchases: Set-off: Money had and received.* A claim for money paid for unlawful purchases of liquors sold in violation of the prohibitory liquor law, may be set off against any lawful demands sued by the vendors. The statute providing that money so paid shall be deemed to have been received without consideration, and may be recovered back, the liability for the same is thereby put on the same footing as for any other money had and received.

*Recoupment: Notice: Indefiniteness.* A notice of recoupment averring damages for breach of plaintiff's contract which does not point out in what respect the contract had been broken to defendant's injury, is held too indefinite to allege errors upon.

*Heard January 19. Decided January 21.*

Error to Saginaw Circuit.

*Albert Trask,* for plaintiff in error.

*William H. Sweet,* for defendant in error.

CAMPBELL, J :

Roethke was sued for beer furnished by defendants in error, who were a corporation located in Milwaukee. The beer was sold after verbal negotiations with an agent, carried on at Roethke's store in Saginaw City. The jury

having found the transactions were sale, and not agency, several questions otherwise material cease to be so.

Part of the beer was sent under the Saginaw city negotiations, and the sale was held by the court below to have been void under the Michigan liquor law. The remainder was sent from Milwaukee on separate orders, and held by the court to be valid foreign contracts. As the verbal agreement made in this state was not sufficient under the statute of frauds to cover future orders, and as those, therefore, stood on their own merits, and the sales and shipments were in Milwaukee, the rulings on these were correct, as there was a contract made there which would have been valid at common law, and which we must presume valid, under which those latter sales were made.

But the court refused to allow the money paid for the unlawful purchases to be set off against the demand in suit for the rest.

This was a manifest error. The statute declared that all moneys paid for liquors sold in violation of law should be considered "as having been received without consideration," and recoverable back by the person paying the same, etc.— *C. L.*, § *2137*. This law places the liability for such money on the same footing as for any other money had and received. It was therefore as legitimate ground of set-off as if plaintiffs below had collected it for defendant and failed to pay it over.

There is a notice of recoupment attached to the plea, averring damages for breach of the plaintiff's contract to supply defendant with all the beer he could sell, and that it should be good and salable. As it does not point out in what respect the contract had been broken to defendant's injury, it is too indefinite to allege error upon, and we do not deem it important to consider the minor questions raised in reliance on it.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.