WILLIAM E. RITTER v. THOMAS DANIELS.

*Value—Bill of particulars—Certiorari—Appeal.*

Witnesses who employed a farm laborer at or about the time he was working for another person, or who knew the character of his work for those who did so, are competent to give an opinion as to the value of his work.

Where suit is brought for the value of labor, and a bill of particulars, filed under a notice of set-off and recoupment, gives no intimation of damages for breach of the contract of hire, evidence of such damages are inadmissible on *certiorari*.

Reversal on *certiorari* of a judgment for the plaintiff may cut off his remedy; but on appeal he can amend his pleadings and have a new trial.

Error to Ionia.  Submitted Jan. 20.  Decided Jan. 25.

ASSUMPSIT.  Plaintiff brings error.  Reversed.

*Morse, Wilson & Trowbridge* for plaintiff in error. Persons living in the neighborhood and knowing something of the value of labor are competent to testify as to the value of services in a suit to recover payment: *Eggleston v. Boardman* 37 Mich. 14; *Carter v. Carter* 36 Mich. 207; *Stone v. Covell* 29 Mich. 360; *Abell v. Munson* 18 Mich. 306; where exceptions have not been taken to the rulings of a justice, objections cannot be considered on *certiorari*: *Turner v. Grand Rapids* 20 Mich. 390; *Hill v. Robinson* 23 Mich. 24; *Comstock v. Smith* 26 Mich. 324.

*Webster & Davis* for defendant in error.

MARSTON, J.  Ritter brought an action of *assumpsit* in justice's court to recover for work and labor performed for the defendant, declaring upon the common counts. The defendant pleaded the general issue and gave notice of set-off and recoupment. In accordance with the stipulation the parties were required to file and filed with the justice a bill of particulars of their respective demands. The cause was

tried and judgment rendered in favor of the plaintiff, which, on *certiorari* to the circuit court, was reversed. The case comes to this court on writ of error.

The plaintiff who was a minor agreed to work seven months for the defendant at $14 per month, and after working about three months he left the defendant, and this action was brought to recover what it was claimed his services were reasonably worth.

The objections made to the testimony tending to show the value of plaintiff's services* were not well taken, as the witnesses were qualified to give testimony upon that subject.

The main question in the case grows out of the rejection by the justice of evidence offered by the defendant "in regard to the disappointment, injury and damages to him because of said plaintiff having quit the service before the expiration of the time for which plaintiff was hired." The objections made to this evidence when offered were—*first*, that the plaintiff was a minor at the time he made the contract, and also when he quit working for the defendant, and that he could not therefore be held liable for damages ; and *secondly*, that the pleadings in the case would not permit of the inquiry. The second objection was undoubtedly well taken and therefore the first became and is immaterial.

It is true that defendant gave notice of recoupment, but while he stipulated to, was required by the justice, and did, file a bill of particulars of the matters constituting his defence, no reference to or intimation of any damages sustained by reason of a breach of contract was made therein. Under the bill of particulars as filed, the plaintiff was not required to prepare to meet such a defence. The notice of recoupment was as general as it could possibly be made, and gave no intimation as to the particular breach of the contract relied upon, or the nature or extent of the damages

---

* This testimony was given by three witnesses, of whom one had employed plaintiff four days after his leaving defendant; one had known of his work for the foregoing witness; and one had had him to work for two half days during the period of his employment by the defendant, who had sent him to work for the witness last referred to.

arising thereon. This the bill of particulars might have remedied but did not. Had the defendant, instead of removing the case to the circuit court by writ of *certiorari*, taken an appeal where he could have had a new trial and an amendment of the pleadings, the rights of the respective parties might there have been considered and adjusted. The remedy by *certiorari* does not so fully permit this, and as the effect thereof may be to cut off the plaintiff's entire claim and remedy by a reversal, he who resorts to this remedy must see that he stands on a clear and unquestionable foundation.

The judgment of the circuit court must be reversed with costs of both courts.

The other Justices concurred.