ALPHEUS E. BOLT v. PAUL W. FRIEDERICK.

*Master and servant—Wages—Recoupment for neglect of duty.*

1. Notice of recoupment in an action for a balance of salary is insufficient to justify proof of defendant's neglect of instructions if it only in a general way sets up violations of duty as agent but gives no instances and does not specify the time and place thereof.

2. Retention in service is proof of the servant's right to wages until

something is shown to the contrary, and the burden is not on him to prove that he has done everything incumbent on him, but is on the master to prove otherwise.

3. An act of misconduct by a servant suing for his wages should be proved by itself by way of set-off if it is to be relied on for that purpose, and cannot be introduced upon cross-examination.

Error to Kent. (Montgomery, J.) Jan. 13.—Jan. 21.

ASSUMPSIT. Defendant brings error. Affirmed.

*J. A. Fairfield* and *Birney Hoyt* for appellant.

*Grove & Lawrence* for appellee.

CAMPBELL, J. This suit was brought to recover a balance of salary. Defendant hired plaintiff as a salesman of musical instruments for six months at the rate of $1200 per year, to which was to be added the amount of any reasonable traveling expenses while away from Grand Rapids on defendant's business.

At the end of five months the parties by mutual consent terminated the engagement, and agreed upon the balance due, which, however, was not paid. When this suit was brought, defendant claimed that plaintiff had in some cases departed from the line of his instructions and that he was entitled to allowance for such action, by way of defense.

The declaration was on the common counts for work and labor with a bill of particulars for the balance due on the contract, and interest. Defendant put in a notice of recoupment, which set up in a general way violations of duty as agent, but gave no instances or acts. There was also a notice of set-off, and under this some deductions seem to have been allowed.

Upon the trial the court refused to receive testimony of acts not conforming to the alleged instructions of defendant, because not set up in the defense as pleaded. All the points raised by the assignments of error depend on the same question. And the only matter to be decided is whether, where a person is hired on specified wages and earns them by service, it is competent under the general issue to receive proof

of matters of neglect or misconduct not specifically set out or referred to by any plea or notice. It is not claimed, and it cannot be held that the notice of recoupment is a good pleading, if any such notice is needed. A similar question came up in *Roethke v. The Philip Best Brewing Co.* 33 Mich. ·340, where it was held that where a defendant desired to claim allowances for breaches of the contract on which he was sued, his notice of recoupment must be specific. See also *Runyan v. Nichols* 11 Johns. 548 ; *Burgess v. Beaumont* 7 M. & G. 962. ·

There are no cases cited by defendant, and we have not been able to find any decisions or authority which will allow a claim for specified wages earned for services, to be defeated by evidence under the general issue that the servant or agent has violated his duty or instructions. Until the doctrine of recoupment was received into the law, it seems to have been held that a cross-action for damages was the only means of redress. But now such a claim can undoubtedly be enforced by recoupment.

But from the nature of the case, it is evident that no rule could be a just one which would leave a plaintiff exposed to surprise upon a trial by proof of any conduct at any period of his service and at any time or place not notified. The fact of service entitles him to his wages unless he has done something to forfeit them, and his retention in service is proof of his right to wages until something is shown to the contrary. But it is not incumbent on him to show in addition to his continued employment, that he has done everything enjoined or incumbent on him. This would be impracticable, and the law has never required it. On the other hand if the master regards anything done or omitted as wrongful it is in his power to show the wrong as he only can know how far he means to rely on it. Such is, so far as we can discover, the unquestioned rule, and it is just and reasonable. See *Burgess v. Beaumont* 7 M. & G. 962 ; *Runyan v. Nichols* 11 Johns. 548 ; *People ex rel. Fleming v. Niagara Com. Pleas* 12 Wend. 246 ; *Eldridge v. Mather* 2 Comst. 157.

There was an offer made on cross-examination which brought in a transaction with one Barlow, in connection with a further offer covering other matters, which the court rightly rejected as not proper cross-examination. No offer was made to prove the Barlow transaction by itself and by way of set-off, and enough was not stated in the offer referred to, to show very clearly what shape it took. It was apparently relied on as an act of misconduct. The court did not reject it except in the connection in which it was offered as cross-examination, and this was not error. The judgment, as the record stands contains no error, and it must be

Affirmed.

The other Justices concurred.