## ERWIN C. WATKINS v. CHESTER S. FORD.

*Pleading—Justice's court—Notice of recoupment—Account stated.*

1. The plea (notice) of recoupment is in the nature of a declaration in a cross-action for damages arising from a breach of the contract, under which the plaintiff's claim for damages arises, and, while it need not be as *formal* as a declaration, it must be so specific as to inform the plaintiff of the *nature* of the damages, and must specify the breaches complained of. *Roethke v. Philip Best Brewing Co.,* 33 Mich. 341; *Bolt v. Friederick,* 56 Id. 22.

2. While a more liberal rule is applied in testing the sufficiency of pleading in justice's than in the circuit court, the nature of the claim of the parties litigant must be stated in such manner as to show a cause of action, and with sufficient certainty to prevent surprise of the other party as to what he will be called upon to meet with his proofs; and the plea (notice) of recoupment comes within this rule. *Ritter v. Daniels,* 47 Mich. 618.

3. "An account stated means a balance struck between the parties on a settlement; and where a plaintiff is able to show that the mutual dealings which have occurred between the parties have been adjusted, settled, and a balance struck, the law implies a promise to pay that balance."

4. An account stated need not of necessity be in writing.

Error to Kent. (Montgomery, J.) Argued April 4 and 5, 1888. Decided April 13, 1888.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Earle & Hyde,* for appellant.

*Smith & Stevens,* for plaintiff.

CHAMPLIN, J. Plaintiff was a member of a copartnership doing business under the firm name of William D. G. Quigley & Co., and in August, 1886, claiming to have acquired

the interest of his copartner by assignment, brought a suit against defendant in justice's court, and declared orally in *assumpsit*.

The defendant also pleaded orally the general issue, and gave notice of set-off and recoupment.

A trial resulted in a judgment for the plaintiff, and defendant appealed to the circuit court for the county of Kent. The plaintiff there filed a declaration in writing as an amended declaration, and abandoned the one put in before the justice.

This declaration contains a single count in *assumpsit*, and alleges that in June, 1886, defendant became and was indebted to the copartnership firm of William D. G. Quigley & Co., composed of William D. G. Quigley and the plaintiff, in the sum of $200, for money then and there found to be due from said defendant to said William D. G. Quigley & Co. on account stated between them; that afterwards Quigley sold, assigned, and transferred to the plaintiff all of his right and interest in and to the claim against defendant; and that thereupon defendant became and was indebted to plaintiff in the sum of $200, for money then and there found to be due from said defendant to said firm of William D. G. Quigley & Co. on an account stated between them.

Upon the trial, the plaintiff gave evidence tending to prove that the firm of William D. G. Quigley & Co. constructed a building for defendant in the years 1884 and 1885, under a contract, for $2,000; that some extra work was performed in the construction of the building, and that on or about the twenty-first day of May, 1885, the parties looked over an account presented by the contractors, and a settlement was reached, by which there was found to be due from defendant to said firm the sum of $122.80; that the firm were owing Wagar & Callahan $80.50 for materials used in the building, and it was agreed that defendant should pay Wagar & Callahan that amount, and the balance he should pay to the firm. The

account that was looked over at the time, according to plaintiff's testimony, was produced, and introduced in evidence, showing items of both debit and credit, and a balance due the firm of $122.80.

The defendant offered evidence tending to prove that William D. G. Quigley & Co. had not completed the building according to contract. The court admitted the evidence as bearing on the probability of a settlement.

Counsel for defendant offered to show, under his notice of recoupment attached to his plea, that he suffered damage on account of the defective construction of the building largely in excess of the plaintiff's claim. This was objected to by counsel for plaintiff, on the grounds—

1. That this case was not a proper one for the recoupment of damages.

2. That no proper notice of recoupment had been given.

The circuit judge refused to admit evidence of defendant's damage, to which ruling defendant excepted.

The evidence offered was not admissible under the plea of the general issue alone. The plea of recoupment is in the nature of a declaration in a cross-action for damages arising from a breach of the contract under which the plaintiff's claim for damages arises, and, while it need not be as formal as a declaration, it must be so specific as to inform the plaintiff of the nature of the damages, and must specify the breaches of the contract complained of.

In *Roethke v. Philip Best Brewing Co.*, 33 Mich. 341, there was a notice of recoupment attached to the plea averring damages for breach of the plaintiff's contract to supply defendant with all the beer he could sell, and that it should be good and salable. We held that, as the notice did not point out in what respect the contract had been broken to defendant's injury, it was too indefinite to allege error upon.

In *Bolt v. Friederick*, 56 Mich. 22 (22 N. W. Rep. 187), the defendant put in a notice of recoupment, which set up,

in a general way, violations of duty as agent, but gave no instances or acts. On the trial the court refused to receive evidence under this plea of specific acts because not set up in the defense as pleaded; and we sustained this ruling, on the ground that, where a defendant desired to claim allowances for breaches of the contract on which he is sued, his notice of recoupment must be specific.

These were cases which arose in the circuit court, and counsel for defendant claim that they do not apply to cases begun in justice's court, where a more liberal rule of pleading is allowed. In justice's court, however, the nature of the claim of the parties litigant must be stated in such manner as to show a cause of action, and with sufficient certainty to prevent surprise of the other party as to what he will be called upon to meet with his proofs; and the plea of recoupment comes within this rule.

The case of *Ritter v. Daniels*, 47 Mich. 618 (11 N. W. Rep. 409), originated in a justice's court, and the plea interposed was precisely the same as the one in this case, viz.:

"The defendant pleaded the general issue, and gave notice of set-off and recoupment."

The defendant offered evidence under this plea, and it was objected to on account of the insufficiency of the plea. This Court held the objection well taken, and said:

"The notice of recoupment was as general as it could possibly be made, and gave no intimation as to the particular breach of the contract relied upon, or the nature or extent of the damages arising thereon."

These rulings are not affected by the case of *McKevitte v. Feige*, 57 Mich. 374 (24 N. W. Rep. 109). In this case plaintiff sued to recover commissions in selling furniture for defendant, and filed a bill of particulars limiting his claim to commissions upon two specified sales. The defendant, with his plea of the general issue, gave notice of recoupment without any particulars. On the trial in the circuit the defendant sought

to recoup damages alleged to have been sustained by him in the case of other sales than the two in question, but made under the same employment. The court held that recoupment, under the notice, must be restricted to the two sales. We held this ruling correct. No question was made as to the sufficiency of the notice to admit any testimony under it, and the case called for no decision upon that point. We hold, therefore, that, under the pleadings, the testimony offered was rightly excluded.

The plea being insufficient to admit of any proof of damages by way of recoupment, the defendant is not barred from bringing his cross-action to recover such damages as he may have sustained by reason of the building not having been completed according to contract, if such damages were not included in the settlement made at the time the balance was struck.

The defendant introduced evidence tending to prove that no settlement was ever had as claimed by plaintiff. Several exceptions were taken to the charge of the court, and especially to his definition, of an account stated. He said:

"In this case the plaintiff sues upon an account stated. An account stated means a balance struck between the parties on a settlement; and where a plaintiff is able to show that the mutual dealings which have occurred between two parties have been adjusted, settled, and a balance struck, the law implies a promise to pay that balance."

This instruction is strictly accurate, and expressed in clear language.

There was evidence introduced tending to prove that the roof of the building was not in accordance with the contract, and that it was leaky and defective, and that at the time of the settlement, or prior thereto, defendant made some claim for damages on that account; and plaintiff introduced testimony tending to prove that at the same time he set up a claim for compensation on account of the extra expense the firm had been put to by reason of the charges and extra work

ordered by the defendant, which delayed the completion of the building, making it necessary to keep up fires in the building to dry the plaster, and enable them to finish the work ; and plaintiff's testimony tended to prove that the one claim was offset against the other, and settled in that way.

But neither claim was reduced to writing, and embraced in the written account upon which a balance was struck, and defendant's counsel contend that this testimony shows that part of the account settled was verbal, and therefore destroyed the claim that there was an account stated between the parties. His contention is that an account stated cannot be verbal, but must be evidenced fully by writing, and therefore, if part be verbal and part in writing, it cannot be an account stated.

But counsel are in error in supposing that an account stated must of necessity be in writing. Where a verbal agreement was made for the purchase of some turnips growing in a field, the purchaser removed the principal part of them, and the seller then said to him: "You owe me three pounds." The purchaser replied : "I will send it before I draw any more turnips." Afterwards he drew all the turnips, but did not send the three pounds. It was held that the money was recoverable on an account stated. *Pinchon v. Chilcott,* 3 Car. & P. 236; *Knowles v. Michel,* 13 East, 249.

A plaintiff may be allowed to recover upon an award made under a parol submission of disputed demands arising upon contract. *Keen v. Batshore,* 1 Esp. 194; *Bates v. Curtis,* 21 Pick. 247.

The other exceptions to the charge of the court we do not deem it necessary to consider, otherwise than to say that we discover no error in the instructions given, which fairly presented the law of the case to the jury for their guidance.

The judgment must be affirmed, with costs of both courts.

SHERWOOD, C. J., MORSE and LONG, JJ., concurred.