PUNGS v. AMERICAN BRAKE-BEAM CO.

Contract of Employment — Breach — Discharge — Wages — Pleading—Question for Jury.

Where a servant under contract of employment for one year was discharged for violation thereof, and at the time a salary was owing him for one month and four days under his contract, and defendant in an action therefor, with its plea, gave no notice of recoupment or set-off because of the breach, it was error to direct a verdict for defendant, since such contract and plaintiff's retention in service were evidence of his right to wages, the amount thereof, corresponding to the value of his services, to be determined by the jury.

Error to Wayne; Waite, J. Submitted April 12, 1900. Decided May 29, 1900.

*Assumpsit* by William A. Pungs against the American Brake-Beam Company for wages.  From a judgment for defendant on verdict directed by the court, plaintiff brings error.  Reversed.

*Barbour & Rexford,* for appellant.

*Russel & Campbell,* for appellee.

LONG, J.   Plaintiff brought suit to recover salary for the months of August, September, October, November, and December, 1897, claimed to be due under a written contract of employment by the defendant for the year 1897.   By the terms of the contract, plaintiff was employed to superintend the manufacture of brake beams; his compensation being $5,000, payable in monthly installments of $416.66.   Among other things, he agreed "to cause the work to be done efficiently, promptly, and to the satisfaction of the Brake-Beam Company, and at the least possible cost to it;" and, further, "to provide the necessary material on the best terms possible for the Brake-Beam Company."   His services as superintendent were not satisfactory to the defendant, and he was discharged September 4, 1897.   He had been paid to August 1st. The declaration contains a special count, to which is appended the common counts.   A bill of particulars was demanded and furnished, in which plaintiff states his claim as follows:

| 1897. | | | | | |
|---|---|---|---|---|---|
| Sept. 1. | Salary for month of Aug., 1897 | | | | $416 66 |
| Oct. 1. | "    "    "    " Sept., 1897 | | | | 416 66 |
| Nov. 1. | "    "    "    " Oct., 1897 | | | | 416 66 |
| Dec. 1. | "    "    "    " Nov., 1897 | | | | 416 66 |
| 1898. | | | | | |
| Jan. 1. | Salary for month of Dec., 1897 | | | | 416 66 |

Interest at six per cent. per annum.
All under written agreement for employment made between plaintiff and defendant, dated January 1, 1897.

Upon the trial, plaintiff testified that he had performed the general services laid out to be performed under the contract up to the time of his discharge, and that he

was ready and willing to perform after that time. On cross-examination he admitted that while acting under the contract, and prior to August 1st, he had, without the knowledge or consent of the defendant, and in violation of the requirements of the contract to provide material at the least possible cost, received rebates, or "commissions," as he termed them, upon purchases of steel, amounting in the aggregate to $1,000. His excuse for this conduct is that the defendant's credit was not good, and that the money was paid to him because he guaranteed the payment of the account; admitting, however, that he did not inform the defendant of these facts, because he thought it was none of the defendant's business. At the close of plaintiff's case, defendant requested the court to direct a verdict in its favor upon the ground that plaintiff's own testimony showed that he had been guilty of a gross violation of the contract sued upon; and, upon the court's intimating its intention to grant the request, plaintiff's counsel, conceding the violation of the contract, claimed a right "to recover, according to the terms of the contract, for his services during the month of August, 1897, and during the first four days of the month of September, 1897." A verdict was rendered for defendant, and no exception taken by plaintiff to the action of the court in holding that the defendant was justified in discharging the plaintiff September 4, 1897.

The only error assigned is as follows:

"The court erred in charging the jury as follows: 'I do not think the plaintiff is entitled to recover anything for his services under the agreement, either during the month of August or the first four days in September, 1897, because, as I have stated, the discharge of the plaintiff from the employment was justifiable.'"

It is claimed by counsel that plaintiff performed the contract to the date of his discharge, and as there was no notice, under the plea of the general issue, of recoupment or set-off, defendant was not entitled to any reduction from the contract price for the month of August and the

four days in September; that therefore plaintiff was entitled, under the common counts in *assumpsit,* to recover for that time at the rate fixed by the contract. The plaintiff offered no evidence of the value of the services rendered, but relied upon the contract as fixing the value.

We think the court below was in error in directing the verdict for defendant. It was conceded that he worked one month and four days for which he was not paid. His retention in service for that time was some evidence of his right to wages. *Bolt* v. *Friederick,* 56 Mich. 20 (22 N. W. 187). And the fact that he had violated his contract could not be taken by the court as proof positive that such wages so earned had been offset by this breach of contract. It is true that the breach of the contract estopped him from recovering wages after his discharge, for it gave the master the right to discharge him. But it was a question for the jury to determine the value of the services actually rendered, and the contract, with proof that services were actually rendered, was some evidence of his right to wages. Had the defendant given notice of recoupment, it could undoubtedly have set off its damage by reason of the breach against the value of the services.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.