[No. 1587.]

## JOHN J. QUINN, APPELLANT, *v.* ALBERT WHITE, RESPONDENT.

ACCOUNT STATED. Plaintiff leased his hotel to defendant, and agreed to purchase supplies with his own funds, to be used by defendant and paid for out of the receipts. Plaintiff afterwards submitted to defendant a statement, which included the amount due for rent and for supplies furnished by plaintiff, and accounts of creditors for which plaintiff was liable. Defendant told plaintiff that, if he would give him a day or two, he would secure the amount, and this was acceded to: *Held*, that action would lie as for an account stated.

IDEM—COMPROMISE. The promise of defendant to secure the debt in two days, and to pay future rent in advance, as required by the lease, was not inadmissible as an attempt to compromise, being but a promise to do what he was legally bound to do.

PRACTICE—PROPOSED EVIDENCE—DISCRETION OF COURT. It is in the discretion of the court to require counsel to reduce to writing the substance of evidence about to be offered, in order to determine its competency, though opposing counsel do not object to an oral statement of such evidence.

### ON PETITION FOR REHEARING.

ACCOUNT STATED—PROMISE TO PAY—CONFLICT OF EVIDENCE—PROMISE IMPLYING CORRECTNESS OF ACCOUNT. Where the only issue in a case was whether an account had been stated, and there was uncontradicted evidence that defendant had promised to secure payment of the acount as rendered, the latter's testimony that he never promised to pay it was immaterial, and could not give rise to a material conflict in the evidence on such issue, so as to preclude the disturbance of a verdict thereon, since any promise from which it might be legitimately inferred that the account was correct was sufficient to show an account stated.

APPEAL from the Second Judicial District Court, Washoe County; *B. F. Curler*, Judge.

Action by John J. Quinn against Albert White. There was a judgment for plaintiff, and from an order granting a new trial he appeals. **Reversed.** Rehearing denied.

The facts sufficiently appear in the opinion.

*Thomas E. Haydon*, for Appellant:

I. The judgment in this case had substantial evidence on all points to support it, and should not have been disturbed by the court below, on the ground that the verdict of the jury

was contrary to or against the weight of evidence, even had there been a substantial conflict in the evidence; but in this case there was no substantial conflict in the evidence. (*Taft* v. *Kyle*, 15 Nev. 416; *Allen* v. *Reilly*, 15 Nev. 453; *Tognini* v. *Kyle*, 15 Nev. 464; *Hixon* v. *Pixley*, 15 Nev. 475; *Simpson* v. *Williams*, 18 Nev. 432; *Langworthy* v. *Coleman*, 18 Nev. 440; *Winter* v. *Fulstone*, 20 Nev. 260.)

II.   The finding of a jury will not be reversed unless it is so palpably against the evidence as to raise a presumption of mistake or prejudice on the part of the jury. (*Geremia* v. *Mayberry*, 14 Nev. 199; *Ivancovich* v. *Stern*, 14 Nev. 341; *Cohen* v. *E. P. R. Co.*, 14 Nev. 376; *Overman S. M. Co.* v. *Corcoran*, 15 Nev. 147; 5 Nev. 415; 4 Nev. 304; 5 Nev. 281.)

III.   The court in this case did not grant the new trial upon any of the points or errors assigned or authorities cited or objections made by defendant to the verdict of the jury or to the instructions of the court, hence none of defendant's errors assigned upon his motion for new trial can be considered on this appeal. Defendant being the respondent herein, the appellate court is not called on to examine any errors assigned by respondent. (*Maher* v. *Swift*, 14 Nev. 332, affirmed in *Moresi* v. *Swift*, 15 Nev. 220; California cases cited in *Maher* v. *Swift*, 14 Nev. 332; *Jackson* v. *Feather River Water Co.*, 14 Cal. 18; *Seward* v. *Malotte*, 15 Cal. 304; *Paul* v. *Magee*, 18 Cal. 698.)

IV.   The court below can only grant a new trial where there is a substantial conflict in the evidence. When a verdict and judgment are in accordance and there is no substantial conflict in it upon any material issue, the court below has no right to disturb such verdict and judgment. (*McLeod* v. *Lee*, 14 Nev. 400.)

V. In the case at bar there is no substantial conflict whatever on the point that the court granted the new trial upon, to wit:   That plaintiff owned the property or any part of it, upon which his account stated was based, or that such account stated, embraced any property of plaintiff or defendant whatever then in existence. The account stated, as shown in the evidence, consisted of claims for goods purchased by plaintiff for defendant, and delivered to him, according to a mutual agreement and at defendant's request.

*A. E. Cheney* and *Wren & Julien*, for Respondent:

I. · Upon this appeal from the order granting a new trial, the court will consider all the points which were urged in favor of the motion for a new trial and insist that, if the order was right for any reason, it should be sustained. Every presumption is in favor of the action of the district court in granting the new trial and the appellant must show affirmatively that it was erroneous. (2 Ency. Pl. & Pr. 323–324.) If the district court had refused to grant the motion for a new trial, the rule stated by appellant that the judgment would not be disturbed if it had substantial evidence to support it, would be applicable. But, "when a new trial is granted by the judge at *nisi prius* upon the ground that the verdict is not warranted or sustained by the evidence, and an appeal is taken from such order, the rule invariably governing the appellate tribunal is not to disturb the action of the judge below if there is a material conflict in the evidence." (*Worthing* v. *Cutts*, 8 Nev. 118–121; *Treadway* v. *Wilder*, 9 Nev. 67; *Margaroli* v. *Milligan*, 11 Nev. 96.)

II. It is claimed by respondent that the statement handed by Quinn to White did not constitute an account stated—that it was not delivered or accepted as such. The testimony as to what took place at the time the statement was delivered is conflicting. There is a substantial conflict in the evidence as to whether White examined the items and knew its contents. There is no pretext that he ever saw it afterwards. The court, by granting the motion for a new trial, has found in favor of White, and the supreme court, upon review, will not disturb the finding.

III. The appellant cannot complain that the district court accepted his version of the contract as correct. Quinn's testimony, as set forth in the statement, shows that the goods which he ordered from San Francisco firms were purchased by him in his own name upon his own credit, and shipped to him in his name and were delivered at the hotel and retained in his possession and under his control until used by White, and that White was not liable therefor until they were so used and was not liable at all, except to the extent that he · received moneys out of the hotel business over and above what was necessary to pay his help and the town bills.

IV.  "An account stated must be founded upon previous transactions of a monetary character creating the relation of creditor and debtor between the parties." (1 Am. & Eng. Ency. Law, 2d ed. 440.)  An account cannot be stated of a debt due upon a contingency.  (2 Chitty on Contracts, 11 Am. ed. 962; *Tuggle* v. *Miner*, 76 Cal. 101.)  "It only determines the amount of the debt where a liability exists.  But it cannot be made the instrument to create *per se* a liability where none previously existed.  (1 Am. & Eng. Ency. Law, 2d ed. 440, note 1; *Davis* v. *Seattle N. Bank*, 52 Pac. 526.) As White was not liable to Quinn for the larger portion of the items contained in the account, the rendering and acceptance of that account even would not make it an account stated.  As an account stated, it has not created a liability where none existed before.

V.  The paper delivered by Quinn to White on January 5, 1899, is not an account stated and was not so contemplated and understood by the parties.  Upon its face, it purports to be a statement of White's liabilities to several parties—not the statement of any account which was then due from White to Quinn.  Most of the items were not due.  Considering this point, it should be remembered that Quinn, as White's bookkeeper, from time to time, made, for White, statements showing White's liabilities—such a statement as a bookkeeper (in the performance of his duties) would make for the information of his principal.  This statement was made for that purpose, and no other.  If this statement constituted an account stated, those previously stated did also.  The implication that the previous statements, by not being disputed, were accepted as correct and as accounts stated is much stronger because the lapse of time is much greater.  But the evidence is conclusive that Quinn did not consider the former statements accounts stated because, in making each statement, he brought forward into it (not the balance of the previous statement, treating it as an account stated) but the several items which had been set forth in those statements.  The parties, by their conduct, have shown that there was no agreement or understanding, express or implied, that these statements which Quinn rendered to White, from time to time, were rendered or received as accounts stated.  Even in

construing written contracts, the practical interpretation put upon them by the parties, themselves, as shown by their acts and conduct, is entitled to great, even controlling, weight. (11 Ency. Pl. & Pr. 518–9.)

VI. Taking the facts as testified by plaintiff, and considering them undisputed, it then becomes a question of law whether the statements rendered constituted an account stated. (1 Am. & Eng. Ency. Law, 2d ed. 454; *Lockwood* v. *Thorne*, 18 N. Y. 170.) The defendant's contention is that, upon the undisputed facts, the court should find as a matter of law that the statements made by Quinn to White, as his bookkeeper, and which simply show White's liability to various persons, including Quinn, does not constitute an account stated, which justifies a judgment in Quinn's favor for the full amount of White's liabilities to the several parties.

VII. The record shows that there was an attempt to compromise and settle the difference between Quinn and White, and, as part of that proposed settlement, White proposed to secure and settle the amount of $1,224.51. Over White's objection that the evidence was incompetent because part of negotiations for compromise and settlement, plaintiff was permitted to prove what White said about securing the payment of Quinn's claim. The court erred in admitting this evidence, and a new trial was properly granted.

VIII. The court erred in refusing to permit counsel for the defendant to make an offer of proof of certain evidence which was deemed material for defendant. No objection to the offer was made by the plaintiff's attorney. Why should the court object? The good faith of the offer had not been questioned. Its materiality would have been disclosed by the offer. Where the good faith of the offer is not questioned, there is no law which requires the offer to be reduced to writing. (*Scotland County* v. *Hill*, 112 U. S. 183, 187.)

By the Court, BELKNAP, J.:

The action was upon an alleged account stated.

In April, 1896, plaintiff leased defendant the Arcade Hotel, at Reno. Defendant was financially embarrassed, and property that he might acquire would be subject to process by his

creditors.  To avoid this, it was agreed that plaintiff, in his own name and with his own funds, should purchase and keep in his possession and under his control the necessary supplies to be used by defendant in the business of the hotel, to be paid for out of the receipts of the business, after deducting certain mentioned expenses.

In pursuance of this plan, plaintiff from time to time purchased supplies, storing them in a cellar of the hotel, of which he kept the key, and defendant used them as the business required.  Upon January 23, 1899, plaintiff gave to defendant a statement containing the monetary transactions between them down to January 1, 1899, showing an indebtedness of $1,224.51.  Of this amount, $838.26 was for supplies furnished by San Francisco merchants, itemizing the amount due each, and $386.25 for balance of rent of hotel, and supplies furnished by plaintiff himself.  It was shown that plaintiff kept defendant's books, that the account of each creditor was separately kept therein, and that similar statements of accounts to the one in suit, showing from time to time different balances, had been delivered to defendant.

In reference to the account, plaintiff testified:  "Q.  Who is the person charged?  A.  I made it that way to show him (defendant) what was due for liquors, but it was due me.  I was owing the firms.  I simply did that so he could keep track of his business—know when he got liquors and what he paid for them.

"Q.  Does he know who he got them (it) from?  A.  Yes, sir; every time."

About five days afterwards the parties met.

Plaintiff testified:

"I went up to see Mr. White after I had sent my attorney, Judge Haydon, and I agreed to let him have the hotel, and on that I went to his room.  He told me, in bed, then, that if I would give him a day or two he would secure me the amount, $1,224.51, and pay me the rent sum in advance thereafter, and that he would like to keep the hotel.  I accepted his proposition, and that is all.  In regard to the statement, he proposed to settle it in not more than two days.  He did not comply with his agreement, and the negotiations failed."

There was other testimony, but in our view these were the

controlling facts. A jury returned a verdict in favor of plaintiff. A new trial was allowed, and from the order plaintiff appeals.

An account stated may not be in writing, and, if in writing, its form is immaterial. (*Watkins* v. *Ford*, 69 Mich. 362.)

It was not necessary to have proven an express agreement to it. It may be implied from circumstances. (*Lockwood* v. *Thorne*, 18 N. Y. 290.)

No objection was made to any item, and when defendant promised to secure its payment the inference became irresistible that the minds of the parties met, and that the defendant assented to it as correct. Counsel for defendant have not attached importance to this promise, presumably for the reason that objection was taken to this evidence, as being an attempt to compromise. There is no such attempt shown by the record. The promise either to secure or pay the debt in two days, and to pay the rent in advance, according to the terms of the lease, was nothing more than the naked promise of defendant to do what in law he was bound to do instanter.

The record contains the following statement:

"During the cross-examination of the plaintiff, and after certain objections made by the attorneys of the plaintiff had been sustained, counsel for defendant stated that he desired to make an offer to prove certain things which he believed were material, and was about to state what he desired to prove and would offer to prove, when he was stopped by the court, without objection by the attorneys for the plaintiff, and informed that he could not orally state what his offer was, and that if he desired to make an offer he must reduce it to writing and submit it to the court, to which refusal, order, and request of the court counsel for defendant duly excepted, upon the grounds that counsel had the right to make the offer orally; that no objection thereto had been made by the attorneys for the plaintiff, to his so doing; that until the offer was made, or it was shown that it was not being made in good faith, the court could not determine that it was immaterial, or that it would prejudice any of the rights of the plaintiff."

It was in the discretion of the court, of its own motion, to

require a statement containing the substance of the evidence about to be offered, in order to determine its competency.

"There are times when it is not advisable to apprise the witness about to be examined of the facts expected to be proved by him. These or any other sufficient reasons are to be weighed by the justice upon such questions. But in every case counsel are bound, if required, to inform the court how the evidence is relevant, so that he may act understandingly in relation to the admission of the evidence. This may be done by making the statement in writing and handing it to the court. (3 Wait, Law & Prac., 5th ed. 474.)" (1 Rice, Ev. p. 512.)

The court properly struck out as immaterial the portion of the testimony of Thomas McGovern relating to plaintiff's statement to him as to loss upon defendant's account.

The contention of respondent that defendant was liable only to the extent of the value of supplies used is not in any wise presented by the record.

The order granting defendant a new trial should be reversed, and it is so ordered.

## ON PETITION FOR REHEARING.

By the Court, BELKNAP, J.:

In his answer, defendant denied that an account had been stated between himself and plaintiff, and charged fraud.

The charge of fraud is unsupported. The only issue, therefore, was whether or not an account had been stated. Whether the supplies had been used by White, or that White had received a surplus applicable to the claim of plaintiff, or that he was entitled to discounts, if relevant at all, were only so for the purpose of tending to establish, or not, the cause of action made by the pleadings.

It is claimed that a material conflict exists in the evidence touching the promise of defendant to pay the account, and for that reason the verdict should not be disturbed. It was unnecessary for Quinn to show an express promise to pay. An implied promise from which the inference could legitimately be drawn that the account was correct was as good. Upon this view Quinn testified, and it was uncontradicted, that White said that, if he were given a day or two, he would

secure its payment. In this condition of the case, White's testimony that he never promised to pay the account became immaterial, and did not raise a conflict.

Attention is again directed to the ruling of the district court requiring counsel for respondent to reduce to writing testimony sought to be adduced upon the cross-examination of plaintiff.

A reexamination has convinced us that our opinion is correct.

As a further reason, it may be added that the record fails to show what was expected to be proven by the witness.

"In order to determine whether prejudice resulted to defendant by reason of the exclusion of the evidence, the answer, or the facts that they tend to establish, should appear in the record." (*Jenks* v. *The Knotts M. Co.*, 58 Iowa, 549.)

Rehearing denied.