PUNGS *v.* AMERICAN BRAKE-BEAM CO.

1. CONTRACT OF EMPLOYMENT—DISCHARGE—ACTION FOR SALARY —PLEADING—RECOUPMENT—EVIDENCE.

Where an employé was discharged before the expiration of his contract, in an action for salary due on the theory of a special contract fully performed, it was competent to show his neglect of the business, and the nonperformance of his several undertakings, by way of defense, notwithstanding the absence of a notice of recoupment.

2. SAME.

And this is none the less so because, by the terms of the contract, defendant reserved the right to terminate it at any time.

3. SAME.

Such testimony was also proper as bearing on the nature and value of the services, in case the action was regarded as one not on a contract performed, but for services rendered.

Error to Wayne; Frazer, J.   Submitted April 18, 1901. Decided October 1, 1901.

*Assumpsit* by William A. Pungs against the American Brake-Beam Company for salary due under a special contract. From a judgment for plaintiff on verdict directed by the court, defendant brings error.   Reversed.

*Russel & Campbell*, for appellant.

*Barbour & Rexford*, for appellee.

HOOKER, J.   A former review of this cause is reported in 124 Mich. 344 (82 N. W. 1066), where it was held, on the evidence then before the court, that the judge erred in holding that there was no evidence of the value of the plaintiff's services, upon the theory that the cause was, in that instance, tried upon the count for work and labor, and not upon the special count, or in reliance upon a right to recover as upon a contract fully performed.   As we understand the record, the case has now been tried upon the theory that the special contract was performed.   The plaintiff might, therefore, rely upon the common counts, which would be a good and sufficient declaration upon that theory, or upon the theory that he had not performed the contract, but was entitled to pay for what he had done.   Upon the first theory it would be necessary for plaintiff to prove the contract and its performance.   He would fail upon that theory if defendant should show that he had not performed the contract according to its terms, and would then be left to an action for services rendered.   Upon the latter theory the plaintiff must show the rendition of services, and make some proof of their value.   As we held on the former hearing, the writing would constitute some evidence of value.   It would not be conclusive, however, and it would be proper to show the true value of the services actually rendered; and in attempting this it would be defendant's right to introduce evidence showing the true character of the services, and

that they did not come up to the standard required by the contract, upon which the contract price was fixed. It would also have been competent to show that the services were actually worth less than 'the contract price. The defendant's counsel sought to show, by a cross-examination of the plaintiff and by the testimony of others, that the plaintiff did not give the defendant the time and attention necessary to the performance of the contract according to its terms. They offered to show that he did not provide the material on the best terms possible, by showing that he secretly received commissions from the houses from which he purchased material for the defendant, and that he did not turn out good work. The court excluded all such testimony, and directed a verdict for the plaintiff.

If we correctly understand plaintiff's brief, the case was rested upon the theory that plaintiff was discharged under a right reserved to the defendant to terminate the contract at any time, and that, therefore, the plaintiff might treat the contract as performed. This was correct if the contract actually was performed, but it did not deprive the defendant of the right to show nonperformance. This contract was terminated because the defendant found that plaintiff was not rendering the service contracted for. The contract was, not that he should give his entire time to the defendant, but that he should do certain work for a given period. The contract contained other stipulations also. It is claimed that at the same time he was performing similar services for, and drawing a similar salary from, another concern. The defendant sought to show that, while he was about its place of business more or less, he did not perform the services agreed upon; that he neglected the business, and actually did not render the services contracted for. We see no reason why it should not have been allowed to do this. In the case of *Bolt* v. *Friederick*, 56 Mich. 20 (22 N. W. 187), a man hired out to work by the month. He was under obligation to give his time to his employer. He did so for nearly the whole period, when the service was ended by mutual consent,

and the amount his due agreed upon. There was a substantial performance and an acceptance. The defendant afterwards attempted to show, not that he did not substantially perform his contract to give his services, but that he disobeyed his orders. Here defendant attempted to contradict plaintiff's claim that he performed the services. It cannot be said that the defendant accepted plaintiff's services as a compliance with the contract. It expressly repudiated them, and, instead of a termination of the contract by mutual consent, it was a termination based upon a claim of nonperformance.

There is no reason for distinguishing the case from any other case of an unperformed contract. Plaintiff had the burden of showing that he had performed the contract. When he failed in that, if he could not show it, he could recover merely for the value of his labor. Defendant had a right to show nonperformance by way of defense. This seems to have been the view of the writer of the opinion when the case was before us. 124 Mich. 344 (82 N. W. 1066). The case had been tried upon a count for work and labor. No notice of recoupment was filed. It was said that his retention in service was some evidence of right to wages; that he was entitled, not to the contract price, but the value of his services, of which the contract price constituted *some* evidence.

The case of *Allen* v. *McKibbin*, 5 Mich. 454, was a similar case in some respects. Mr. Justice CAMPBELL there states the rule as follows:

" Where a party fails to comply substantially with an agreement, unless it is apportionable, the rule is well settled that he cannot sue upon the agreement, *or recover upon it at all;* and under the strict common-law rule he was remediless. But the doctrine has now grown up, based upon equitable principles, that where anything has been done from which the other party has received *substantial benefit,* and which he has appropriated, a recovery may be had upon a *quantum meruit,* based on that benefit. And the basis of this recovery is not the original contract, but a new implied agreement, deducible from the delivery

and acceptance of some valuable service or thing. The idea is well expressed in *Read* v. *Rann*, 10 Barn. & C. 438, by Parke, J., who says:

" ' In some cases a special contract, not executed, may give rise to a claim in the nature of a *quantum meruit*,—*e. g.*, where a special contract has been made for goods, and goods sent, not according to the contract, are retained by the party, there a claim for the value on a *quantum valebant* may be supported; but then, from the circumstances, a new contract may be implied.'

"Taking this as the basis of a recovery, there certainly could be no good reason for allowing a party who is in default to recover in any case more than his work or goods may be worth, for that would allow him to speculate out of his own fraud or default; and he should not be allowed more than the same could be obtained for from any one else. To allow him the contract price for what is worth much less would not, in any sense, be allowing a *quantum meruit*. Parties may, and do frequently, for their own reasons, agree to give excessive prices to have an entire contract literally performed, when a partial performance would never have been contracted for at all; and it does not lie in the mouth of a defaulter to say that the contract is evidence of the true value. It is only by the mercy of the law that he can have any standing in court. We think that the court erred in rejecting evidence that the work was worth less than the contract price."

The same doctrine is recognized in *Wildey* v. *School District*, 25 Mich. 420, and reporter's note.

The cases of *Bolt* v. *Friederick*, *supra*, and *Fuller* v. *Rice*, 52 Mich. 436 (18 N. W. 204), differ from this case in this important respect: That there was a substantial performance, if not an acceptance of the services as sufficient. Here there is a claim of nonperformance, and plaintiff was admittedly discharged for that reason. It was at the least a question for the jury whether there was a substantial performance which would support a recovery upon the contract, and defendant had a right to show that there was not. If the jury should find there was not, he must fail on the theory of a performed contract, and would be driven to the count for work and labor and the value of his services, as defendant contends. The court seems to

have held that the defendant might show that the plaintiff did not render *any* services, but that, in the absence of a notice of recoupment, it was not proper to show any other breach of the contract by the plaintiff.   This was clearly erroneous, for it was essential to a recovery upon the contract that something more than the mere presence of plaintiff be proved.   It was necessary to show that he carried out substantially all of his undertakings.   As stated, failing in that, he could not recover upon that theory.   Again, upon the other theory, the testimony was proper as bearing on the nature and value of the services.

The judgment is reversed, and a new trial ordered.

MONTGOMERY, C. J., MOORE and LONG, JJ., concurred.   GRANT, J., took no part in the decision.