### BROWN v. KRISER.

CONTRACTS—PERFORMANCE—PLEADING—EVIDENCE — RECOUPMENT.
Plaintiff sued on the common counts to recover a balance due on a contract to build a house. Defendant pleaded the general issue, with notice of set-off for failure to complete the house according to the contract, but gave no notice of recoupment. On the trial plaintiff testified to a settlement with defendant, by which the latter agreed to waive any defects, and pay the amount due, in consideration of plaintiff's relinquishing a claim for extras and repainting the building, which he had done. Defendant claimed that his agreement to pay

such balance was conditioned on everything's being made "satisfactory;" and, while disavowing any desire to recoup damages, he testified that the work was not done in accordance with the contract or to his satisfaction; that the floor sagged, the roof leaked, and the paint peeled; and that he did not know of such defects at the time of the alleged settlement. *Held*, that defendant's testimony was admissible, under the pleadings, to show noncompletion of the contract, if plaintiff relied thereon, and as showing what the settlement was, and that plaintiff had not complied with it, if he relied on the settlement.

Error to Grand Traverse; Mayne, J. Submitted January 10, 1902. Decided February 11, 1902.

*Assumpsit* by William L. Brown against Nick Kriser to recover a balance due on a building contract. From a judgment for defendant, plaintiff brings error. Affirmed.

*Patchin & Crotser*, for appellant.

*Pratt & Davis*, for appellee.

MOORE, J. This suit was commenced in justice's court. The declaration was on the common counts in *assumpsit*. The plea was the general issue, with notice of set-off. The notice of set-off was as follows:

"The following is a bill of particulars of the defendant's set-off in the above-entitled cause:

| | |
|---|---|
| To breach of contract in not completing house by April 1, 1898 | $50 00 |
| To breach of contract in not completing house in accordance with the plans and specifications | 50 00 |
| | $100 00 " |

The case was appealed to the circuit court, where a judgment was rendered in favor of defendant. The case is brought here by writ of error.

Upon the trial in the circuit court, plaintiff claimed he had a written contract with defendant to build him a house for $739.85, upon which he had been paid $701.35; that in

129 MICH.—29.

March, 1899, he had a settlement with defendant; that he had done some extra work, amounting to upwards of $27; that defendant claimed there were some things about the house that were not just right, including the painting, and it was agreed that plaintiff should throw off the extras and give the house another coat of paint, and then defendant should pay him $40; that he had done the painting as he agreed, and claimed the $40 was then due him. The defendant's version of the settlement differed from the plaintiff's. It was his claim he did not know of the defects when the settlement was made, and had no means of knowing of them, and that he did not agree to waive them because of the extras, and that he agreed to pay the remaining $40 when the painting was done and everything was satisfactory; that the work was never made satisfactory, and the $40, therefore, was not yet due. The defendant gave evidence tending to show the work had not been done according to the terms of the contract; that the floor sagged; that the roof leaked, and the paint peeled off; that the work was not done to his satisfaction. This testimony was objected to upon the ground that no notice of recoupment had been given. The attorney for defendant stated that defendant did not seek to recoup damages against plaintiff, or ask a judgment against him, but claimed defendant had a right to show plaintiff had not performed his written contract, and therefore was not entitled to collect the full amount named therein. He also claimed the testimony was admissible as showing just what the settlement was, and that plaintiff had not complied with its terms. The court admitted the evidence. The important question in the case is whether this was error.

It will be observed, the plaintiff had been paid nearly the full amount called for by the written contract. If he sought to recover according to the terms of the written contract, it was competent to show, under the plea of the general issue, that the contract had not yet been completed. *Hanley* v. *Walker*, 79 Mich. 607 (45 N. W. 57, 8 L. R.

A. 207); *Morley* v. *Insurance Co.*, 85 Mich. 210 (48 N. ·
W. 502).[1]  If the plaintiff relied upon the settlement, it
was competent as bearing upon the question of just what
was covered by the settlement, and whether its terms had
been complied with.  The court carefully instructed the
jury as to the law governing the case.

Judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., con-
curred.  LONG, J., did not sit.

---

[1] See, also, *Pungs* v. *Brake-Beam Co.*, 128 Mich. 318 (87 N. W. 364).