## J. RICHARDSON & CO. *v.* NOBLE.

1. SALES—BREACH OF WARRANTY—RECOUPMENT—NOTICE—SUFFI-
CIENCY.

In assumpsit for the price of shoes, a notice of recoupment stat-
ing that the shoes were not the goods "represented and
warranted to be," but were of an inferior quality and grade,
but which does not state that the goods were sold by sample
which they did not equal, or that they were to be other than
they were in certain enumerated respects, is insufficient.

2. TRIAL—INSTRUCTIONS—UNDULY EMPHASIZING TESTIMONY.

Where, in assumpsit for the price of shoes, a witness for defend-
ant testifies that they were worth less than the contract price,
but there is testimony to the contrary, an instruction that if
one witness testified that the shoes were worth less than the
contract price the damages on each shoe would be the differ-
ence between the contract price and the price at which the
witness fixed it, is erroneous as unduly emphasizing the testi-
mony of a witness.

3. SAME—VERDICT—SURPLUSAGE.

Where, in assumpsit for the price of shoes, it appears from the
verdict that the jury undertook to give to the plaintiff the
ownership of certain shoes returned by defendant on the
ground that they were not up to sample, which return plain-
tiff refused to accept, and to determine the amount of de-
fendant's indebtedness thereafter, and it is evident that the
money part of the verdict would not have been rendered if
the jury had understood that they had no authority to decide
who was entitled to the possession of the shoes in question,
that part of the verdict giving plaintiff possession of the
shoes cannot be treated as surplusage and the balance be per-
mitted to stand.

Error to Berrien; Coolidge, J. Submitted January 5,
1906. (Docket No. 14.) Decided April 3, 1906.

Assumpsit by J. Richardson & Company against George
W. Noble and Walter A. Noble, copartners as G. W.
Noble & Son, for goods sold and delivered. There was

judgment for plaintiff for less than the amount claimed, and it brings error.   Reversed.

*Burns & Sweet*, for appellant.

*N. H. Bacon*, for appellees.

MOORE, J.   The plaintiffs are manufacturers of shoes. In the spring of 1903 they sold the defendants, who are retail shoe merchants, by sample, a bill·of 108 pairs of "ladies patent leather tipped shoes," 84 pairs at $2.10, the remaining 24 pairs at $1.50 per pair, amounting in all to $212.40, upon which the defendants paid $100 September 10, 1903. The shoes were delivered at defendants' store between May 27th and May 30th.   The defendants commenced to sell the shoes "in two or three days or a week after their arrival."   The defendants claim to have sold all of the $1.50 shoes and 56 pairs of the $2.10 shoes.   About December 1, 1903, plaintiff placed the account with attorneys for collection.   After this date the defendants returned 28 pairs of the $2.10 shoes to the plaintiff, saying the shoes were not right and he could not use them.   The plaintiff refused to accept them and returned them to defendants, and they are in the freight office at Niles now.

January 9, 1904, this suit in assumpsit was commenced for the balance due.   Defendants pleaded the general issue, and attached thereto a notice, the material parts of which are as follows:

" That 84 pairs of the 108 pairs of ladies' shoes named in the plaintiff's bill of particulars, were purchased by the defendants from the plaintiff at $2.10 per pair, and were not the goods represented and warranted to be to the said defendants by the said plaintiff, at the time of the sale and purchase thereof, but were shoes of an inferior quality and grade, having cut-off vamps, the vamps thereof not extending to the tips of the soles of the shoes, but only to where the tips began, and also having poor and inferior soles, known as globe soles, being composed of canvas and leather, said soles having stock tips and patent tips made of inferior leather, and said shoes having poor wearing ·qualities and not being of merchantable kind.   *   *   *

"They further aver that by reason of the premises they have sustained great injury and damage to a large amount, to wit, the sum of $500, which said damages the said defendants will recoup," etc.

Upon the trial the defendants offered to prove the kind, quality, value, and merchantability of the shoes, to the introduction of which testimony the plaintiff objected for the reason that the notice of recoupment was not sufficient. The objection was overruled and the testimony received. The jury returned a sealed verdict reading:

"J. Richardson & Company, a Corporation, v. Geo. W. Noble et al.

"We the juory agree to the following verdic

"That the defendant pay to the plantive the sum of twenty-eight dollars ($28.00) and give plantive posession of shoes lying in ware house at Niles City.

"Joseph V. Hone, Foremen."

Upon this verdict the court rendered judgment in favor of plaintiff for $28, and also rendered judgment in favor of the defendants for the costs of the suit to be taxed. The case is brought here by writ of error.

Three questions call for consideration: *First*. Were the proofs admissible under the notice of recoupment? *Second*. Did the judge err in his charge? *Third*. Was the judgment entered justified by the verdict? We will consider them in the order suggested.

It will be observed that in the notice there is no statement that the goods were sold by sample which they did not equal, nor that the goods sold were to be full vamps instead of cut-off vamps, nor is there any suggestion of an express guaranty or of an implied guaranty which was not met. We think the notice is insufficient under the following authorities: *Roethke* v. *Brewing Co.*, 33 Mich. 340; *Watkins* v. *Ford*, 69 Mich. 357; *Sinker, Davis & Co.* v. *Diggins*, 76 Mich. 557; *Bolt* v. *Friederick*, 56 Mich. 20; *Delaware, etc., Canal Co.* v. *Roberts*, 72 Mich. 49; Cir. Ct. Rule 7, subd. *b*. It is said by counsel the testimony was admissible under the general issue without no-

tice, citing *Grieb* v. *Cole*, 60 Mich. 397; *Child* v. *Manu-
facturing Co.,* 72 Mich. 623; *Pungs* v. *American Brake-
Beam Co.,* 128 Mich. 318.   An examination of these cases
will show they are easily distinguishable from this one.

Did the court err in his charge ?   We shall not consider
each of the errors assigned in relation thereto, because if
well taken they are not likely to occur again.   We call
attention, however, to that portion of the charge reading
as follows:

" In this case there are no damages on account of loss
of business.   That has not been established.   And the
only question is as to the damages on account of these de-
fective shoes.   You arrive at that in this way:   The
damages will be the difference between what the shoes
would have been worth if they had been of good work-
manship and what they are actually worth as they are.
Now, for instance, if one witness testifies that those shoes
if properly made had been worth $3, and are worth only
$1 as they actually exist, then the damages on each de-
fective shoe would be $2.   And you would take the num-
ber of shoes that are defective, that is, are defective in that
condition, and multiply by two you get the difference."

There was a witness for defendants who testified sub-
stantially as the instance stated by the judge in his charge.
There was testimony quite to the contrary on the part of
plaintiff.   The effect of the charge was to unduly empha-
size the testimony of the one witness which ought not to
have been done.

Was the judgment entered justified by the verdict ?   It
is evident the jury undertook to leave with or give the
ownership of the 28 pairs of shoes to the plaintiff and to
determine the amount of defendants' indebtedness after
this was done.   In this action and under the charge of
the court the jury were not authorized to do what they at-
tempted to do.   But it is said that part of the verdict giv-
ing plaintiff possession of the shoes may be treated as
surplusage and the balance of the verdict be permitted to
stand.   We cannot assent to this suggestion because we
think it clear the money part of the verdict would not

have been rendered if the jury had understood they had no authority to decide who was entitled to the possession of the shoes then in the warehouse.

Judgment is reversed, and new trial ordered.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.