WYANDOTTE PORTLAND CEMENT CO. *v.* BRUNER.

1. SALES—ACTION FOR PRICE—BREACH OF WARRANTY—BURDEN OF PROOF.

In an action for the price of goods sold under an express warranty, the buyer having received and retained the goods without offer to return them or disaffirm the contract, the burden of proving a breach of the warranty is upon defendant, and plaintiff is not obliged to show that the goods were equal to the warranty.

2. SAME—DAMAGES—EVIDENCE.

On the issue of the amount of damages caused defendant by a breach of warranty of quality of certain Portland cement, evidence examined, and *held*, sufficient to go to the jury on the amount of damages sustained.

3. EVIDENCE—BEST EVIDENCE—DICTATED LETTERS—PERSON DICTATING.

Where the testimony of a clerk is offered to prove the sending of letters dictated to her by a member of a firm, and by her written out as dictated, addressed, and mailed, an objection on the ground that her testimony is hearsay and that the person dictating is the proper one by whom to prove the facts, is improperly sustained.

Error to Van Buren; Des Voignes, J. Submitted January 25, 1907. (Docket No. 110.) Decided March 5, 1907.

Assumpsit by the Wyandotte Portland Cement Company against George L. Bruner, Jerome C. Warner, R. E. Nicholson, and W. V. Dow, copartners as Bruner, Warner & Company, for goods sold and delivered. There was judgment for plaintiff on a verdict directed by the court, and defendants bring error. Reversed.

Plaintiff declared upon the common counts in assumpsit. The bill of particulars filed was:

| | |
|---|---|
| April 5, to 200 barrels of cement | $292 00 |
| April 8, to 200 barrels of cement | 292 00 |

$584 00

Defendants pleaded the general issue, and gave notice that they would show that the goods sold were represented and warranted to be first class, equal to any on the market, and suitable for the purpose of making cement blocks; that the said cement was not first class, nor equal to any on the market, nor of the quality used in or adapted to making cement blocks, whereby damage resulted which defendants would recoup. Plaintiff manufactures cement. Defendants make cement blocks for building purposes. An agent of plaintiff sold to defendants two car loads of cement at a price, and the cement was delivered to and received by defendants. Bills rendered by plaintiff were not paid, and this suit followed. A verdict for plaintiff for the amount of its demand was rendered by direction of the court, and judgment followed. A motion for a new trial was denied.

*Anderson & Warner*, for appellants.

*Lincoln H. Titus*, for appellee.

OSTRANDER, J. (*after stating the facts*). The evidence on the part of defendants tended to prove that upon the sale of the cement it was warranted to be first class, "A No. 1," suitable for making cement blocks, and equal to any on the market. Plaintiff proved the sale, delivery, and value of the property. Indeed, these facts are virtually admitted by the notice given with the plea of defendants. The principal contention on the part of defendants' counsel is that plaintiff, in order to recover, was bound to prove that the goods delivered were equal to the alleged warranty. The distinction between this case and *Pungs* v. *Brake-Beam Co.*, 128 Mich. 318; *Allen* v. *McKibbin*, 5 Mich. 454, and other cases cited and relied upon by counsel for defendants, is that here plaintiff has delivered

the goods sold—fully performed the contract—and defendants, asserting, after receiving and using the goods, a breach of warranty, seek to recoup damages for such breach. *Simons* v. *Paper Co.*, 77 Mich. 185, was a suit for damages for the refusal of defendant to receive property tendered in performance of a contract, which property it was averred in the declaration was of the quality contracted to be delivered. The question for the jury in that case was whether plaintiff tendered property which, under the contract, defendant ought to have received and paid for, and it was held to be error to instruct the jury that the burden was on defendant to show that the rags tendered and refused were of the contract quality. Plainly, the case at bar is not such a case. Plaintiff, pursuant to a contract, sold and delivered to defendants goods which they received, and still have, or have disposed of. There was no offer to return, and no disaffirmance. Title to the goods passed to defendants. In such cases, the agreed price may be recovered under the common counts in assumpsit, and the burden is upon defendants to prove failure of consideration, whether arising out of breach of warranty or otherwise. The distinction between a sale and a delivery and acceptance of personal property, with and without warranty, is, so far as is important here, stated in the opinion in *Talbot Paving Co.* v. *Gorman*, 103 Mich. 403, 405 (27 L. R. A. 96). So, in *Childs* v. *O'Donnell*, 84 Mich. 533, 538, is pointed out the distinction between sales with warranty of quality and sales with the right reserved to return or rescind if goods are not satisfactory. See, also, 2 Mechem on Sales, § 1844. In the case at bar, defendants were not denied the right to prove the alleged warranty and their damages on account of the breach thereof. Upon the evidence so produced, the learned circuit judge gave his opinion, upon the motion for a new trial, as follows:

" We are impelled to say that the extent of the damages, if any, had not been shown with reasonable cer-

tainty; that from the evidence it was not susceptible of reasonably accurate computation."

Evidence tended to show that some 1,600 blocks were made from this cement which were not marketable; that a proper block was worth 19 cents; that 800 of these were sold for 15 cents, and the remainder for $25. It further appears that these blocks were colored by introducing into the mixture of sand, cement, and water some substance not chemically described. Direct evidence was not produced to prove that the coloring matter so used was not responsible for the appearance and condition of the blocks, although the evidence is that it was the same as theretofore and thereafter used, satisfactorily, with other cement. There was evidence of the statements of the agent of plaintiff, sent in response to complaint made to inspect the blocks and make a test of the cement, that the trouble with the cement was that it contained too much alkali. There is no evidence tending to show that this representative of the company raised the objection that the coloring matter used was the cause of the trouble. We are of opinion that there was some evidence for the jury of the amount of damages sustained, and that it was error to direct a verdict for plaintiff.

We need not do more than refer to the errors assigned upon a ruling excluding three letters offered by defendants. The record does not disclose whether the originals or copies were produced in court. They appear to be letters written by defendants to plaintiff about the cement in question, and appear to have been answered. When, if at all, the answers to them were received in evidence, does not appear. The proof made by a clerk was that the letters were dictated to her by a member of the firm, were written out by her as dictated, were signed by her with the firm name, put in envelopes properly addressed, and mailed to plaintiff. The objection made was that the member of the firm who dictated the letters was the proper person by whom to prove these facts. The ruling was

that the testimony of the clerk was hearsay and incompetent.    As a ruling upon the objection which was made, it was wrong.

The judgment is reversed, and a new trial granted.

BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.