## Daniel Stoflet v. Frederick Marker and another.

*Declaration: Plea to the merits: Failure to state any cause of action.* The objection that the declaration fails to state any cause of action is not waived by pleading to the merits instead of demurring; but the point may be made by an objection to the introduction of any evidence.

*Pleading: General issue: Waiver: Technical defects: Substantial allegations.* While the plea of the general issue waives technical and formal objections to the declaration, it does not waive the essential allegations of a cause of action.

*Declaration: False representations: Statement of a cause of action.* The declaration in this cause, which seeks a recovery of the amount of a note of a third person which it is claimed defendant passed to plaintiff under fraudulent representations as to its value, is held lacking in the substantial matters essential to make out such a cause of action, or any other.

*Heard June 8. Decided June 20.*

Error to Wayne Circuit.

*Moore & Moore,* for plaintiff in error.

*Hamilton Baluss,* for defendants in error.

GRAVES, J:

This action was brought originally in justice's court, and was thence taken by appeal to the circuit. The defendants

in error, who were plaintiffs in the action, were allowed to recover, and complaint is made that there were several errors in the proceedings.

Among other objections, it is urged that the declaration (a copy of which is given below)* set forth no cause of action.    The point was expressly made by an objection to the introduction of evidence at the beginning of the trial.

Counsel for defendants in error now insists that as there was no demurrer, but a plea to the merits, there was a waiver of all right to insist upon the defect.

---

*"The plaintiffs in cause complain of the said defendant, in an action upon contract for that whereas heretofore, to-wit: on or about the 15th day of September, A. D. 1874, the said defendant requested the said plaintiffs to sell said defendant one buggy of the value of one hundred and fifty dollars, and that said defendant represented that he had a good note against one Benjamin Cotton and L. W. Blakely, that he wanted to let the plaintiffs have in part payment of said buggy, and also represented to said plaintiffs the said Benjamin Cotton and L. W. Blakely were perfectly responsible for the amount of said note, and that they (the said plaintiffs) would have no trouble to collect the same, and as the said Benjamin Cotton and L. W. Blakely was perfectly responsible for the same, and said note would be paid at its maturity, to-wit: on the first day of December, A. D. 187-, and the said plaintiffs, relying upon the representations of the said defendant as to the solvency and responsibility of the said Benjamin Cotton and L. W. Blakely, the makers of said note, and that the same would be paid without trouble at maturity, let the said defendant have such buggy and took said note against said Benjamin Cotton and L. W. Blakely as part payment for said buggy, and that afterwards the said plaintiffs, and after the said note became due and payable, ascertained that said note was wholly worthless and that said Benjamin Cotton and L. W. Blakely was insolvent and irresponsible for the payment of said note, and the said plaintiffs demanded payment of said note of the makers, Benjamin Cotton and L. W. Blakely, and was refused payment by him, and that said note is now long past due and unpaid and the plaintiffs are powerless to collect the same of said Benjamin Cotton and L. W. Blakely, the makers thereof, and the said defendant well knew that said note was wholly worthless, and that the same would not be paid at maturity, and that said Benjamin Cotton and L. W. Blakely were entirely irresponsible for the payment thereof, whereby the said defendant became liable to pay and agreed to pay to the plaintiffs the amount of said note, to the damage of said plaintiffs of one hundred and fifty dollars, and they therefore bring their suit

"By HAMILTON BALUSS,
"*their Attorney.*

"Dated February 6th, 1875."

This is not so. The plaintiff in error was certainly entitled to object that there was no legal claim made against him, in substance or effect, to be answered. He was not bound to go into a controversy before a court and jury if he was not charged with any legal liability. Technical and formal matters were of course waived, but not such as were essential to show a cause of action of some kind. We must, then, look at the declaration, and on perusing it, it is difficult to ascertain whether the pleader intended to base his claim in tort or on contract. The action was, however, proceeded in on the part of the plaintiffs below on the assumption that Stoflet was charged with having made fraudulent representations to defendants in error concerning the goodness of a note against third persons which it is alleged he passed to defendants in error in part pay for a buggy, and their counsel now attempts to sustain the declaration as one framed to charge such a grievance.

Does it contain the substantial matters necessary to make out such a cause of action?

We think not. The note itself concerning which the representations are said to have been made is neither described nor sufficiently identified, and there is no allegation that the representations were not true at the time they were made, or any substantial allegation that as matter of fact they were untrue afterwards. In short the declaration fails to show in any way that the representations were untrue in point of fact, and hence fails to make out a charge of fraud. The pleading is so peculiar and ambiguous that it is not very easy to find out what of substance it contains. But it is plain enough that it does not contain the substance of a good declaration in tort.

The objection was well taken and should have been sustained. The other points become unimportant.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.