### FRANKLIN SMITH v. JOSEPH HOBART.

*Breach of warranty—Declaration in justice's courts.*

A declaration in a justice's court for breach of warranty must show the nature of the warranty, and state the breach.

Error to Genesee. Submitted April 22. Decided April 30.

ASSUMPSIT on breach of warranty. Defendant brings error.

*Newton & Howard* for plaintiff in error, as to the insufficiency of the declaration, cited *Stoflet v. Marker* 34 Mich. 313; *Hurtford v. Holmes* 3 Mich. 461; 1 Selw. N. P. 644-5.

*Long & Gold* for defendant in error. Pleadings before justices should be liberally construed, *Comstock v. Howd* 15 Mich. 243; if a declaration alleges a substantial grievance, objections for inartificiality should be raised by demurrer, *Briggs v. Milburn* 40 Mich. 512.

GRAVES, J. This cause was brought before a justice of the peace, and taken by appeal to the circuit court. The trial was before a jury, and Hobart, the plaintiff, was allowed to recover $90. The controversy grew out of the transfer of a pair of horses from Smith to Hobart for another horse and a sum of money, and the ground of action was breach of warranty. The declaration or statement of cause of action on which the trial proceeded was in writing, and as follows:.

"The plaintiff declares in assumpsit specially for damages for breach of warranty on a pair of horses purchased of defendant, and claims damages of $200."

On the first offer of testimony the plaintiff in error objected expressly that the declaration stated no cause of action, and the objection was maintained and urged through the entire case.

Was it valid? We have no doubt about it. The case is beyond the aid of the liberality extended to pleadings before magistrates. The declaration not only lacks matter of substance, but is wholly vague and uncertain. No one can gather from it any clear notion of the essential characteristics of the complaint intended to be asserted. Much depends on the nature of the controversy as to what may suffice to denote it with tolerable precision. In some cases a few bold strokes may point out and

identify the claim or charge, and leave no chance for surprise. A half-a-dozen words may disclose enough to convey the substance of a cause of action. But the instances are innumerable where a great deal more is required to give an intelligible hint of the real charge or demand.

The grievance has peculiar features, and no complaint can be set out upon it without representing the group of elements which distinguish it from other similar grievances. The specific peculiarities belonging to it are what confer a sort of individuality upon it. Take the present case. Some kind of a contract of warranty is indicated. But what were the terms? The statement does not explain, and such contracts are not run in a mould. They vary indefinitely in their substance. The name conveys no idea of the ingredients. The transaction pointed at, so far as is known from the declaration, may have related to title, or to soundness, or docility, or other matters, or to all together; and yet, whatever were the terms and conditions as made and connected, they constituted the identical warranty, and their description, in substance, together with a statement of the breach, were necessary to show the particular cause of action.

It sometimes occurs that parties contend without good pleadings, and the court refuses to regard their subsequent objections. Their practice may have been such that the complaining party may be deemed to have waived defects or be regarded as estopped, or the statute of amendments may be applicable, or the case may be one where the law considers the party not prejudiced. Neither of these reasons apply here.

The judgment must be reversed with costs and a new trial granted.

CAMPBELL, J., concurred.

MARSTON, C. J. I am of opinion that under the liberal rules applicable to pleadings in justice's court, the declaration under a plea of the general issue was good.

A more strict rule will, in my opinion, be more productive of evil than good.

COOLEY, J.    The declaration in this case was manifestly insufficient if any objection had been taken to it at the time of pleading; and that is the time the defendant should have objected.    Nevertheless, as the plaintiff's attention was called to the defect as soon as any evidence was offered, and he took no steps to amend, I concur, with some hesitation, in the result of the opinion of Mr. Justice Graves.