### HURD v. NORTHERN ACCIDENT CO.[1]

LIFE INSURANCE—ACTION ON POLICY—PLEADING—AMENDMENT.
   Where, in an action on a policy of insurance, the declaration counted on a policy which had lapsed, and, in response to a demand for a bill of particulars stating specifically the date and amount of the policy referred to in the declaration, the plaintiff filed a bill which mentioned a second policy as well as the first, this, in legal effect, was the same as if both policies had been declared upon, and no amendment was necessary to make the second policy admissible in evidence.

Error to St. Clair; Tappan, J. Submitted May 5, 1908. (Docket No. 41.) Decided July 1, 1908.

Assumpsit by Martha J. Hurd against the Northern Accident Company on a policy of insurance. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Reversed.

[1] Rehearing denied September 10, 1908.

*William T. Hosner* ( *Lincoln Avery* and *Byron R. Erskine*, of counsel), for appellant.

*Henry C. Walters*, for appellee.

MOORE, J.  We state as many of the facts as are material to the questions involved here.  This is an action commenced to recover upon a policy of insurance issued by the defendant to Charles L. Hurd, plaintiff's deceased husband.  The defendant company on September 20, 1901, issued a policy of accident insurance to Mr. Hurd, No. 23,816, for the sum of $500.  This policy was suffered to lapse.  A new policy was issued on August 22, 1904, being No. 46,126, for $500.  Mr. Hurd died September 3, 1904, the evidence tending to show his death was caused by an accident covered by the policy in question.  His widow, on September 5th following, caused the company to be duly notified of his death by a letter written for her by Dr. Hodges, at the same time requesting it to forward ( blank ) proofs of death.  Proofs of death were duly made and filed under policy No. 46,126 and no other.  Liability being denied by defendant, this action was commenced by a summons in the Macomb circuit court, on January 31, 1905, and service thereof duly made on defendant.  February 21st a declaration was filed.  Defendant pleaded the general issue and gave notice of special defenses.  Later it demanded a bill of particulars.  A bill of particulars was furnished.

On the trial, plaintiff claimed that no claim whatever had been made by plaintiff under the first policy, or that any proofs of loss had been furnished thereunder, and that by mere accident the declaration referred to the date of the first policy.  The trial court held that the policy of August, 1904, was inadmissible under the declaration, and that the declaration could not be amended, because it would introduce a new cause of action.  The judge refused the request to amend because he thought he did not have the power to allow it.  The case is brought here by writ of error.

The defendant claims the second policy was inadmissible because the declaration was upon the first policy. It insists the declaration could not be amended because it would introduce a new cause of action after the time in which suit might be brought had expired. To pass intelligently upon the questions presented, it will be necessary to state somewhat more fully the condition of the pleadings.

No policy was set out in full in the declaration. The reference made thereto which is material to the question presented is as follows:

"For that the said defendant, which is a corporation organized, existing and doing business under the laws of said State, and duly authorized to enter into the contract hereinafter mentioned, on, to wit, September 20th, 1901, at said county, on the application of Charles L. Hurd, the husband of said plaintiff, made a certain policy of insurance in writing, whereby the said defendant," etc.

As before stated, the attorney for the defendant pleaded the general issue with notice of special defenses. Not content with doing this, on the 20th of December, 1905, he filed a demand in writing, for a bill of particulars, in which the following language was used:

"I herewith demand that you furnish the defendant with a bill of particulars of the plaintiff's claim in this suit, stating specifically the date and amount of the policy of insurance referred to in your declaration, as required by Circuit Court Rule 3 of the Revised Rules of Practice in the Courts of Michigan, adopted October 8, 1896."

Complying with this demand, a bill of particulars was furnished at once and before the time would expire in which suit could be brought, in which the following statement is made:

"This action is brought to recover money due under policy issued by the defendant company to one Charles L. Hurd, Sept. 20th, 1901. Amount of policy, $500. This action is brought to recover money due under policy issued by defendant company to one Charles L. Hurd, August 22, 1904. Amount of policy, $500."

It will be observed that the reference in the declaration to the policy of insurance did not comply with the requirements of Circuit Court Rule 3. The attorney for the defendant recognized this condition and asked for more specific information. This he got when he received the bill of particulars. At this time he was informed that plaintiff claimed defendant was liable on the policy of August 22, 1904. This being the situation, we do not think it necessary to decide whether the judge had the power to permit the amendment.

We think the so-called bill of particulars filed and served in response to defendant's request was in effect a part of the declaration. In asking for this bill of particulars, defendant said: "I demand a statement of the date and amount of the policy referred to in your declaration." In answer, plaintiff gave the date and the amount of the second policy as well as the first. Legally speaking, this is the same as if plaintiff had stated in her declaration the dates and amounts of the two policies. There was therefore no occasion to make an amendment, and defendant had no right to insist that an amendment was necessary.

Judgment is reversed, and new trial ordered.

OSTRANDER, HOOKER, CARPENTER, and McALVAY, JJ., concurred.