PREST-O-LITE CO. *v.* WIDRIG.

1. JUSTICES OF THE PEACE—PLEADING—DECLARATION—APPEAL.
   In justice's court a declaration is sufficient if it contains a substantial statement of the cause of action. Substance is required, not form. The rule as to regularity and formality is liberal.

2. SAME—WAIVER.
   The declaration is required to state a cause of action by essential averments; failure to state any case is not waived by pleading to the merits, instead of demurring: the point may be raised by objection to the introduction of evidence. ·

3. SAME—FRAUD—PLEADING.
   A declaration in tort before the justice, as shown by his return, "on all the common counts, especially for obtaining money under misrepresentation, fraud and deceit. Claims damages $500 or under," was insufficient to apprise the defendant of the ground of plaintiff's claim. It would not bar another action or support a judgment.

Error to Wayne; Mandell, J. Submitted January 20, 1914. (Docket No. 136.) Decided March 26, 1914.

Assumpsit in justice's court by the Prest-O-Lite · Company against Arthur S. Widrig and others for fraudulent representations. Defendants appealed to the circuit court from a judgment for plaintiff. Judgment for plaintiff. Defendants bring error. Reversed.

*Bailey & Bradley,* for appellants.  .
*John J. Gafill,* for appellee.  .

STONE, J. Plaintiff is. an Indiana corporation engaged in the manufacture of acetylene gas tanks for

use in lighting automobiles. Defendant Arthur S. Widrig had been engaged at Detroit in the business of manufacturing acetylene gas for, and refilling or recharging, empty tanks. Plaintiff claimed a proprietary right in the refilling of the tanks of its manufacture, and the right to prevent any other person from refilling any tanks it had sold, even at the request of the owner of the tank. Plaintiff filed a bill in equity in the United States court at Detroit, and obtained a temporary injunction against said defendant restraining him from refilling such tanks with acetylene gas, unless he should file a bond conditioned to pay plaintiff $2 per tank liquidated damages for every tank filled by him pending said suit. Defendant gave the bond, and continued to do business for a time, but finally sought to settle with the plaintiff, and sell it his business. To that end he went to Indianapolis, upon the invitation of the plaintiff, to discuss the "sale of his business." Finally defendant agreed to sell to plaintiff his machinery, which defendant claims consisted of two outfits, one of the high-pressure type, and the other of the low-pressure type, consisting of a generator, a compressor, tank, etc., for $1,000 at Detroit, with an additional $100 for loading the property on the car; the plaintiff to dismiss its injunction suit, and release him from all liability upon the bond above mentioned. Plaintiff declined to enter into this contract until and after it had sent its engineer to Detroit to inspect the property, and ascertain just what there was, and what was its value. The plaintiff then accepted the offer, and paid the defendant $500 on the contract.

Defendant proceeded to load the machinery sold, as he claimed, but a controversy arose with plaintiff's Detroit manager, as to whether all of the machinery sold had been loaded; said manager claiming that there should have been two of each article on the car,

instead of one. The parties disagreed upon this matter, and the plaintiff then refused to carry out the contract, refused to release said defendant from his bond, or to pay the balance due defendant, claiming defendant had broken his contract. Defendant claims that at this time all of the machinery, shafting, piping, motor and everything sold had been dismantled, removed from the factory, and loaded on a freight car. Upon plaintiff's refusal to take the property, defendant was compelled to unload the car and reinstall the machinery in the plant at his own expense.. Defendant sought the advice of counsel, and was advised to retain the $500 which had been paid to him, until an adjustment might be made of the damages which he claimed he had suffered from the plaintiff's breach of contract.

Thereupon the plaintiff brought this suit in justice's court at Detroit to recover the $500 paid; the summons being "in a plea of trespass on the case to its damage $500 or under." The return of the justice to the circuit court, as to the pleadings, was:

"The plaintiff declares, in an action of trespass on the case, on all the common counts, especially for obtaining money under misrepresentation, fraud, and deceit. Claims damages $500 or under. The defendant pleads the general issue."

From the judgment of the justice, an appeal was taken to the circuit court, where a jury trial was had.

At the trial the defendant objected to the jury being sworn to try the case, because of the variance between the writ and the declaration, and the misjoinder of causes of action upon contract, and for tort in the declaration. Thereupon the plaintiff voluntarily elected to rely upon the action in tort for "obtaining money under misrepresentation, fraud, and deceit," and the court overruled defendant's objection.

The defendant then moved the court to strike the

declaration from the files, as too vague, indefinite, and uncertain, and stating no cause of action whatever. In urging his motion, defendant's counsel said:

"Our motion being based on the ground that no inducement is stated, no facts or circumstances show any misrepresentation or fraud, or that the plaintiff was deceived thereby, or that the statement—no statements are shown—or what was claimed was misrepresentation, it is not shown that it was false, or that the plaintiff acted upon it, and it is not shown that it was induced to part with money, and it is not shown that defendant knew it to be false, and no facts are stated whatever that are the basis of a fraud action."

The court overruled the motion, and held the declaration sufficient, to which ruling defendant duly excepted. Defendant raised the same question by a motion to direct a verdict, and by requests to charge which were refused.

Upon the trial it developed that plaintiff's claim of fraud was based upon its contention that defendant claimed to own and agreed to sell to plaintiff one generator, one compressor, one gas holder, one dryer, and one cooling tank, in addition to what defendant claimed to have sold and loaded on the car for shipment; that defendant refused to furnish those additional things, and subsequently sold part of the property, which plaintiff refused, to another at a larger price. The case was submitted to the jury, and the trial resulted in a verdict and judgment for the plaintiff for $500 and costs. The defendant brings error, and its first group of assignments of error relates to the sufficiency of the declaration.

It is the claim of defendant that a declaration for fraud and deceit must be more positive, clear, and definite than in any other kind of action; that a defendant is not required to speculate and defend such an action under any such vague and uncertain charges as are contained in this declaration; and that, while

pleadings in justice's court need not have the same fullness and particularity as in the circuit court, they must state facts sufficient to make a cause of action; that a declaration must contain enough of substance to inform defendant of the nature of plaintiff's claim, and be so explicit that a judgment thereon will bar another suit for the same cause of action; and that, to this extent, it is indispensable that the statement should go, and that all the facts material to the cause of action must be set forth—citing 24 Cyc. pp. 558, 559.

Upon the subject of the sufficiency of a pleading in justice's court this court has spoken many times, and the rule stated in the early cases has been adhered to, unless the defect had been waived.

In *Barber* v. *Taylor*, 1 Mich. 352, the sufficiency of a declaration in justice's court where the declaration was much more explicit and certain than the one in the instant case, the court said:

"Technical nicety or legal precision is not required. * * * So far as respects regularity and form, the rule is liberal. * * * The rule might be stated thus: Whenever the declaration contains a substantial statement of a cause of action, it shall be held sufficient. Substance is required, not form. * * * We cannot sustain the judgment without a greater relaxation of the rule applicable to the sufficiency of declaration than has ever been permitted."

In *Stoflet* v. *Marker*, 34 Mich. 313, this court, in dealing with a declaration in justice's court, held that the objection that the declaration failed to state any cause of action was not waived by pleading to the merits instead of demurring, but that the point might be made by an objection to the introduction of evidence; that, while the plea of the general issue waived technical and formal objections to the declaration, it did not waive the essential allegations of a cause of action. That the declaration in that case was much

more intelligent and full than the one with which we are here dealing will appear by an examination of the case.

We think it cannot be said that the declaration in the instant case apprises defendant of the nature of the plaintiff's claim in any sense. It alleges no substantial grievance, and it cannot be said that it would bar another action, or support a judgment.

In *Smith* v. *Hobart,* 43 Mich. 465 (5 N. W. 666), the declaration filed in the justice's court was as follows:

"The plaintiff declares in assumpsit specially for damages for breach of warranty on a pair of horses purchased of defendant, and claims damages of $200."

On the first offer of testimony, the defendant objected expressly that the declaration stated no cause of action, and the objection was maintained and urged through the entire case. Justice GRAVES, in speaking of the declaration, said:

"Was it valid? We have no doubt about it. The case is beyond the aid of the liberality extended to pleadings before magistrates. The declaration not only lacks matter of substance, but is wholly vague and uncertain. No one can gather from it any clear notion of the essential characteristics of the complaint intended to be asserted."

A reference to the remainder of the opinion above quoted from is suggested. That the declaration in that case was not so vague and uncertain as the one in the instant case is manifest. The object of a declaration is fully accomplished when the defendant is fully apprised by it of the grounds of the plaintiff's claim, so that he need be under no misapprehension as to what matters are to be litigated on the trial. Does the declaration in the instant case accomplish this purpose? We think not.

It is true that it has been held by this court that

almost any declaration must be held sufficient, in justice's court, which indicates the general nature of the plaintiff's claim. It was so held in *Daniels* v. *Clegg*, 28 Mich. 32. There the "plaintiff declared in trespass to his damage $100 for injury to buggy and horse." But, in the declaration which we are considering, the plaintiff by its declaration simply says:

"You have obtained money by misrepresentation, fraud, and deceit to my damage."

It is not even alleged what the misrepresentation was, nor what the fraud or deceit was. Under such a pleading, the plaintiff could shift position at will, and defendant never could know what he had to meet. We think that it cannot be said that the defendant is here apprised of the nature of the plaintiff's claim.

In *Watkins* v. *Ford*, 69 Mich. 357 (37 N. W. 300), Justice CHAMPLIN, in speaking for the court of the insufficiency of a notice of recoupment in a case in justice's court, and after referring to a number of cases which arose in the circuit court, said:

"In justice's court, however, the nature of the claim of the parties litigant must be stated in such manner as to show a cause of action, and with sufficient certainty to prevent surprise of the other party as to what he will be called upon to meet with his proofs; and the plea of recoupment comes within this rule" —citing *Ritter* v. *Daniels*, 47 Mich. 618 (11 N. W. 409).

We have examined all of the cases cited by counsel for both parties. They are too numerous to be cited here. A collection of the cases in this State will be found in the note to section 767, 1 Comp. Laws, and in the citators. Whether the sufficiency of the declaration was challenged in justice's court does not appear.

We conclude this subject by reference to the late case of *Applebaum* v. *Goldman*, 155 Mich. 369 (121 N. W. 288), where a similar question was considered,

and quote the closing language of Justice OSTRANDER, wherein he says:

"Much as we regret the situation, we have no alternative except either to refuse to apply settled rules or to reverse the judgment."

We do not think it necessary to consider the other questions discussed by counsel. They are not likely to arise upon another trial.

For the error pointed out, the judgment below is reversed, and a new trial granted.

MCALVAY, C. J., and BROOKE, KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.