ANDERSON FORGE & MACHINE CO. *v.* STERLING
MOTOR CO.

1. JUSTICES OF THE PEACE—PLEADING—FAILURE TO PLEAD—
WAIVER.

  Defendant's failure to plead in justice's court did not waive
  defects in plaintiff's declaration or the right to be heard
  by objection and motion against the entry of a judgment
  not warranted by the declaration and plaintiff's proofs.

2. PLEADING—BILL OF PARTICULARS.

  A bill of particulars is not a pleading, and while it may
  restrict, it cannot enlarge, the scope of recovery author-
  ized under the declaration.

3. SAME—BREACH OF CONTRACT—COMMON COUNTS—SPECIAL PLEAD-
ING.

  Where plaintiff seeks to recover damages for breach of a
  particular contract, not recoverable under the common
  counts, he must allege what was agreed to be done, what
  was done or omitted in violation of the contract, and the
  damages resulting from such breach.

4. SAME.

  In a suit for breach of contract in refusing to accept crank
  shafts ordered, where the accepted order provided there
  should be no die charge, there could be no recovery for
  "unabsorbed die charge" where the declaration was upon
  the common counts, setting up the accepted order, but
  containing no special count or essential averment of facts
  showing a breach of the contract, although a bill of par-
  ticulars for the die charge was filed.

Error to Wayne; North, J., presiding. Submitted
January 15, 1918. (Docket No. 65.) Decided June
3, 1918.

Assumpsit in justice's court by the Anderson Forge
& Machine Company against the Sterling Motor Com-
pany for breach of a contract to purchase certain
crankshafts. There was judgment for plaintiff, and
defendant appealed to the circuit court. Judgment for
plaintiff. Defendant brings error. Reversed.

Rowland M. Connor, for appellant.

James O. Murfin (Frank C. Sibley, of counsel), for appellee.

STEERE, J. This case was commenced in justice's court in the city of Detroit, where plaintiff had judgment from which defendant took an appeal to the circuit court of Wayne county. The return of the justice before whom the cause was tried is, except the formal beginning and ending, as follows:

"The parties prosecuted and defended in their individual character. The cause was commenced by summons issued on the 20th day of November, 1916, returnable at my office in the city of Detroit, in said county, on the 1st day of December, 1916, aforesaid, at 9 o'clock in the forenoon.

"The plaintiff declares in an action of assumpsit on all the common counts, especially for breach of contract, claims damages $500 or under. The defendant did not appear. The said cause was tried by court.

"That on the 1st day of December, 1916, I rendered judgment in favor of plaintiff and against defendant for two hundred ninety-seven and 30/100 dollars damages and one and 75/100 dollars costs."

A bill of particulars entitled in the cause, and justice's court, without date or file marking but signed by the attorney for plaintiff and presumably returned by the justice is as follows:

> To the Defendant:
> Take notice that the following shall constitute the bill of particulars of plaintiff at the trial of the above entitled cause.

| | |
|---|---|
| Damages upon express contract as set forth in correspondence represented by the unabsorbed die charge | $279.15 |
| Interest at 6% from March 15, 1915, to April 15th, 1915, to April 15th, 1916 | 18.15 |
| Total | $297.30 |

The case came on for trial in the circuit court be-

fore the judge without a jury. Counsel appeared for both parties. No attempt was made to amend or perfect the pleadings, or file new pleadings in the cause as the statute provides the court may allow, and the return of the justice as to plaintiff's declaration in that court is the only information furnished by the record as to pleadings. While the justice returns that "the parties prosecuted and defended in their individual character" no reference is made to any pleadings or other participation by defendant, and he also returns, as his last utterance, that "the defendant did not appear." If defendant ever pleaded in this case the fact has been carefully concealed from the court. No objection on that ground, however, was suggested against the participation of defendant's counsel in the trial, nor any reference made to the subject.

No witnesses were sworn upon the trial. When it was called plaintiff's counsel proceeded without any preliminaries to state the case at length to the court, during which, and timely after the nature of plaintiff's claim was made known, defendant's counsel interposed and preserved by objection and motion the contention that plaintiff's declaration on the common counts, without any special count or essential averment of facts showing a breach of contract, was not sufficient to support a judgment or admit proof of the breach of contract outlined by plaintiff's counsel and sought to be proven.

The contract for breach of which recovery was sought consisted of two accepted orders for 5,000 crank shafts, one of which (Ex. D) is as follows:

"Original purchase order.
"Sterling Motor Co.,
   "Detroit, Mich.
      "Req. No. S-7381 6-8-14.
      "Order No. 7381.
"ANDERSON FORGE & MACHINE CO.,
   "City.
      "Ship to—: Us at 1145 West Grand Blvd.

"2,500 (No. 449) Crank shafts.

"To be made from 35-45 carbon steel—All forgings to be heat-treated, straightened and delivered at our plant.

"Price $1.50 ea.     No die chge.

"Delivery to be made as quickly as possible.

"ROBT. D.,

"Purchasing Agent."

On the same day another order (Ex. E) numbered S-7382 was given and accepted for 2,500 more crank shafts on the same terms, signed by the same purchasing agent and in the same form, except the last line which provided: "Delivery specifications later."

Plaintiff's evidence consisted of the above exhibits, over 20 letters between the parties relative to this contract which towards the last became quite inharmonious, and certain facts stated by plaintiff's counsel and conceded, as is claimed, by defendant's counsel, subject to his objection, although the record is not clear as to some of them which are denied in defendant's brief.

The cost of making the die in question was $360 which plaintiff claimed should be apportioned over the 5,000 crank shafts contracted for, only 1,007 having been made and delivered, owing, as plaintiff claimed, to defendant's refusal to order delivery as agreed. All crank shafts manufactured were delivered and paid for. Defendant's counsel admitted that plaintiff could produce witnesses who would testify "the *pro rata* price of these dies was 7c. apiece," and the amount claimed by plaintiff on that basis would be $279.15. No evidence was offered by defendant.

When parties rested defendant's counsel renewed his former objections and motion for judgment in favor of defendant on the grounds previously stated, amongst which it was urged before the conclusion of the case that against the provision in the accepted orders "No die chge," there could be no recovery for

"unabsorbed die charge," as damages for the alleged breach of contract.

Findings of fact were made by the trial court with conclusion of law thereon and a judgment was rendered for the amount claimed. The court found in part:

"That the subsequent cancellation of said contract by the plaintiff was after repeated and persistent refusal on the part of the defendant to carry out its part of the contract, and that such breach of the contract by the defendant justified the cancellation by the plaintiff. * * * That the procuring of the die for which plaintiff seeks to recover a portion of the purchase price as a measure of damages in this case, was necessarily purchased by the plaintiff incident to its performance of the contract with defendant,"—

and was therefore entitled to recover the unabsorbed portion of its cost. The court held as a conclusion of law that the declaration is sufficient in form and substance to sustain a judgment in favor of plaintiff in view of the testimony taken in the case.

While the somewhat confusing condition of the record leaves to conjecture certain matters of which there is usually no uncertainty, it is fairly shown in the case that no default had been taken against defendant for failure to plead and when it came on for trial defendant's counsel appeared and participated without objection. He offered no testimony. Defendant's failure to plead did not in any event waive defects in plaintiff's declaration or the right to be heard by objection and motion against the entry of a judgment not warranted by the declaration and plaintiff's proofs.

The die in question belonged to plaintiff. While perhaps true that it was "necessarily purchased by the plaintiff incident to its performance of the contract," as the court found, and was valuable as a die only for that purpose, as plaintiff claims, aside from

201—Mich.—28.

the assertions of its counsel and self-serving statements in its letters, we find no proofs of those facts in the record. Upon the proposition that it was an element of damage, counsel for plaintiff said to the court that they had witnesses by whom it could be shown it was the custom in the forging business when "no die charge" is provided in the contract to include the cost of the die, "upon which you understand there is no profit," in the cost of the contract, and stated "I have testimony to show that, unless you either admit it or exclude it." In reply to which counsel for defendant objected to "the introduction of any such testimony on the ground that you cannot change a written contract with any alleged costs—" when he was interrupted by plaintiff's counsel and the question was argued. Later in the discussion, defendant's counsel said he would not dispute that in figuring the price something was charged for dies and very likely 7 cents, and later stated he would admit "that plaintiff can produce witnesses who will swear that the *pro rata* price of those dies were 7 cents apiece," but no legal evidence of custom or that the die which belonged to plaintiff had no value except for this contract was introduced.

Upon the sufficiency of plaintiff's declaration to sustain a judgment for damages arising out of a breach of contract, we find from the justice's return that it was upon the common counts with "especially for breach of contract" added. There is no special count on a designated contract, nor suggestion as to the nature of the contract or claimed breach.

In the early case of *Hosmer* v. *Wilson*, 7 Mich. 294, where the order for an article to be manufactured was countermanded, it was held that a manufacturer could not recover on the common counts for the value of labor and material which had been devoted to filling the contract, but should declare specially on the con-

tract and claim his damages for its breach, or the wrongful prevention of its performance.

Against this long settled rule it is the contention of plaintiff, as we understand it, that the bare allegation of "especially for breach of contract," supplemented by the bill of particulars, is equivalent to a special count under the liberal rule which obtains as to oral pleadings in justice's court; in support of which the case of *Applebaum* v. *Goodman,* 155 Mich. 373, is cited. While in the statement of that case mention is made of the fact counsel had stipulated that upon the file cover used by the justice was indorsed "plaintiffs declare in an action in assumpsit on all the common counts especially for breach of contract," it is nowhere said that if recognized as part of the return this would be equivalent to a special count in an action to recover for breach of contract damages not recoverable under the common counts. Recognizing that the rule is liberal as to form and technicality of pleading in justice's court, and a declaration good in justice's court is generally good on appeal, the court further points out by cited authority that a bill of particulars, which is not a pleading, may restrict but cannot enlarge the scope of recovery authorized under the declaration, and it was held in conclusion that application of the settled rules of pleading demanded reversal.

Where, under the settled rules of pleading, plaintiff seeks to recover damages for breach of a particular contract, not recoverable under the common counts, such bare reference to some contract without throwing any light upon it or the nature of the breach claimed is not good as a special count. Although in justice's court technicalities are not required nor amplification of the essential facts relied upon, this court has never departed from the elementary rule that in an action for damages based on a breach of contract, not recoverable under the common counts, at least briefly as

essentials of a special count, plaintiff must allege what was agreed to be done, what was done or omitted in violation of the agreement and the damages resulting from such breach. This subject is sufficiently discussed in *Applebaum* v. *Goldman, supra; Prest-o-lite Company* v. *Widrig*, 179 Mich. 230, and the cases cited by them which we conclude are controlling here.

For the reasons above stated the judgment is reversed, with costs, and a new trial granted.

OSTRANDER, C. J., and BIRD, MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.