ANDERSON *v.* MOLLITOR.

1. PLEADING—PURPOSE TO LIMIT ISSUES.
    Pleadings serve the purpose of limiting issues of fact to the disputed questions they present and of which they give timely notice to the parties.

2. REFORMATION OF INSTRUMENTS—PLEADING—ISSUES RAISED.
    Where defendant's answer, in a suit to reform a deed to conform to the description of the premises in a pre-

On general rule that parol evidence not admissible to vary, add to, or alter a written contract, see note in 17 L. R. A. 270.

ceding land contract, raised no question of mistake in the contract, there was no such issue, and the fact that plaintiffs unnecessarily offered testimony in support of the written contract raised no such issue.

3. VENDOR AND PURCHASER—LAND CONTRACT CONTROLLING AS TO DESCRIPTION IN DEED.

An unimpeached written land contract speaks finally for both parties as to the description of the land to be conveyed in the deed.

4. EVIDENCE—IRRELEVANT TESTIMONY—WRITTEN CONTRACTS.

The rule that, to prevent prejudice, the court will permit a party to meet irrelevant, incompetent, and immaterial evidence may not be invoked to admit extrinsic evidence to vary or contradict a clear and unambiguous written contract, where the opposing party offered no evidence tending to vary the terms of the contract.

Appeal from Muskegon; Vanderwerp (John), J. Submitted April 18, 1923. (Docket No. 85.) Decided June 4, 1923.

Bill by Arthur A. Anderson and another against Minnie Mollitor to reform a deed. From a decree dismissing the bill, plaintiffs appeal. Reversed, and decree entered for plaintiffs.

*Willard J. Turner,* for plaintiffs.
*Macdonald & Macdonald,* for defendant.

WIEST, C. J. This is a bill to reform a deed so as to make the same inclusive of a strip of 2.5 feet more of land and thereby conform to the description of the premises in a land contract preceding the deed. The answer admits the making of the land contract, denies intention to convey the disputed strip, claims the deed is correct and asserts that defendant indicated the correct line to plaintiffs at the time of their purchase on land contract.

Defendant and her husband owned by the entireties lot one of block 377 in the city of Muskegon. This

lot had a frontage of 132.5 feet on Fifth street.   September 12, 1916, the plaintiffs purchased on land contract from defendant and her husband, who was then living but has since died, "lot one (1) except the southeasterly eighty feet, the dividing line to run parallel with Monroe avenue, of block three hundred seventy-seven."   July 22, 1919, the plaintiffs having completed the payments in accordance with the land contract, received a warranty deed conveying "the northwesterly fifty (50) feet, the dividing line to run parallel with Monroe avenue, of lot one (1) of block No. three hundred and seventy-seven."   This deed was recorded July 24, 1919.   Plaintiffs claim they were ignorant of the mistake in the description in the deed until some time after it was recorded and ask that the deed be reformed to comply with the contract and grant to plaintiffs lot 1, except the southeasterly 80 feet thereof.

At the hearing defendant insisted there was no mistake in the deed but the mistake was in the contract.   Plaintiffs say the land contract was certain in its description of the premises and its execution was admitted by defendant's answer and no claim of fraud or mistake was set up by defendant, and the trial court was in error in permitting defendant to show the southerly line of the lot was pointed out to plaintiffs, giving them a frontage of 50 feet on Fifth street, instead of 52.5 feet, as set forth in the land contract.

At the hearing Mabel Griffeth, daughter of defendant, was called as a witness by defendant and asked this question:

"Now, was there anything said about the south line of that property to Mr. and Mrs. Anderson?

"A. Well, this much was said, that they would have fifty feet and their line would go so far.

"*Mr. Turner:* Just a minute. I desire to object for the following reasons: First, because it is incompetent, it all being conversations merged in the written contract, and in the second place because the answer in this case admits this contract that was made and does not assert or claim that there was any mistake in making the contract."

The objection was overruled on the ground that plaintiff had gone into the same matter, and testimony was given by this witness and defendant, on the subject of the line, inconsistent with the land contract.

Plaintiff Arthur A. Anderson had testified on direct-examination:

"I did not know the dimensions of this lot, how long it was when I bought it. I bought the property according to the contract description. * * * I went to look over the property with my wife before we made the contract. The line of the property on Fifth street was pointed out to me. That was before I made the contract."

On cross-examination he testified:

"Nothing was ever said about the number of feet I bought. * * * I did not know in the first place that the lot contained a hundred and thirty feet, neither was I interested in how many feet it contained, only that I bought according to the land she showed me."

And Mrs. Anderson testified on direct-examination:

"The line was pointed out to us. Mrs. Mollitor, Mr. Farrell and my husband and myself were all there."

On cross-examination she testified:

"They showed us what was to be our line, on the south side of the driveway, the side furthest from the house. Mrs. Mollitor put her foot down and said, 'your line will come just here.' I should imagine that that was eighteen inches on the south side of the driveway."

The answer to the bill raised no issue of fact outside of leaving plaintiffs to prove that they were not aware of the mistake in the deed until after placing the same of record.   The slip of plaintiffs in offering testimony in support of the written contract raised no issue of fact determinative of their rights.   If there was a mutual mistake in the land contract defendant should have raised such issue in her answer and asked for its reformation and correction.   Under the pleadings plaintiffs were entitled to have the deed reformed to comply with the contract.   Pleadings still serve some purpose; they limit issues of fact to disputed questions they present and of which they give timely notice to the parties.

The contract between the parties for a deed was in writing and under its terms plaintiffs were entitled to a deed inclusive of the land in dispute. The deed given did not convey such strip.   As long as the land contract stands unimpeached it speaks finally for both parties.   Evidence in support of the contract was wholly unnecessary, did not attempt to vary its terms and could not operate to open the way for defendant to introduce evidence that the mistake was in the contract and, therefore, the deed should not be reformed.

Power of the court to reform deeds and contracts in case of fraud and mutual mistake exists, but to operate to that end must be invoked in the pleadings and cannot arise out of a mere admission of incompetent and unnecessary evidence.

Defendant invokes the rule stated in 10 R. C. L. p. 936 to the effect that, to prevent prejudice, the court will permit a party to meet irrelevant, incompetent and immaterial evidence introduced by an opponent, and 22 C. J. pp. 195, 198, extending the rule under some circumstances to parol evidence affecting

writings.    An examination of the text cited, and the authorities listed, readily discloses the inapplicability of such rule to the case at bar.    The rule so invoked admits of no extrinsic evidence to vary or contradict a clear and unambiguous written contract.    The plaintiffs offered no evidence tending to vary the terms of the written contract and made no claim that the contract was partly oral.    This evidence, therefore, afforded no opening to defendant to introduce evidence tending to vary the terms of the contract.    The cases cited by defendant, and others, have been examined and we are constrained to hold that, under the pleadings and competent evidence, the plaintiffs are entitled to the relief prayed for.

The decree entered in the circuit is reversed and a decree will be entered here reforming the description of the premises in the deed so as to make the same conform to the land contract.    Plaintiffs will recover costs.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.