O'ROURKE *v.* DEFFENBAUGH.

1. PLEADING—PURPOSE TO LIMIT ISSUES.
   Pleadings serve the purpose of limiting issues of fact to the disputed questions they represent and of which they give timely notice to the parties.

2. NEGLIGENCE—PLEADING—EVIDENCE.
   No proof of negligence can be received beyond what is alleged with reasonable certainty.

3. PHYSICIANS AND SURGEONS—MALPRACTICE—SUFFICIENCY OF DECLARATION—STATUTE OF LIMITATIONS.
   In action against proctologist for negligent malpractice, declaration *held,* not to have stated a cause of action where it spoke of defendant's operation, removal and treatment for plaintiff's hemorrhoids as of May 12, 1930, in a manner insufficient reasonably to apprise defendant of grounds upon which plaintiff relied and undisputed testimony shows operation and removal of hemorrhoids occurred in December, 1929, a time when any action thereon was barred by statute of limitations by the time the declaration was filed (3 Comp. Laws 1929, § 13976, subd. 3; Court Rule No. 19, § 1 [1933]).

4. PLEADING—BILL OF PARTICULARS—DECLARATION.
   A bill of particulars is not a part of the declaration and cannot change the issues made by the pleadings but is explanatory or in amplification of the declaration and may restrict, but cannot enlarge, scope of recovery permissible thereunder.

5. PHYSICIANS AND SURGEONS—MALPRACTICE—BILL OF PARTICULARS.
   Bill of particulars in malpractice action against proctologist, which laid cause of action as for relaxation of sphincter muscle in the presence of proctitis and abandoned outlawed claim in connection with hemorrhoid operation, set forth in the declaration, *held,* to have alleged a new cause of action (3 Comp. Laws 1929, § 13976, subd. 3).

6. Pleading—Amendment Stating Cause of Action Barred By
    Statute Not Permissible.

    It is not within the discretion of a trial court to permit an
    amendment to the declaration which states a cause of action
    barred by the statute of limitations.

Appeal from Wayne; Ferguson (Homer), J. Submitted April 9, 1937. (Docket No. 40, Calendar No. 39,313.) Decided June 7, 1937. Rehearing denied September 1, 1937.

Case by Robert Emmett O'Rourke against Martin H. Deffenbaugh, doing business as McVoy Sanatorium, for alleged malpractice. Verdict and judgment for plaintiff. Defendant appeals. Reversed.

*Echlin & Lendzion,* for plaintiff.

*Rodgers & Dunn,* for defendant.

Sharpe, J. The facts in this case show that plaintiff had been suffering from hemorrhoids for three or four years prior to July, 1929, when he called at the sanatorium owned and operated by the defendant. He underwent a course of treatments from July to December of that year during which time a hemorrhoid was removed and other things done requiring one general anæsthetic and two or three local anæsthetics. On Sunday, May 11, 1930, plaintiff again experienced trouble and the following day called upon defendant. He was given a general anæsthetic, his sphincter muscle relaxed, and he was told to return May 14th which he did but, owing to the fact that he was suffering from a sore throat and not feeling well, no treatment was given him, although he was advised to go home, go to bed and take a bottle of citrate of magnesia. This was the

last contact between plaintiff and defendant. The next day Dr. McDonald, a general practitioner, was called to see plaintiff at his home. He found him with a high temperature, a sore throat, and a general infection. Dr. McDonald treated plaintiff at his home for a few days, then he was taken to Providence Hospital where Dr. McDonald attended him until May 29th. In July, plaintiff again returned to Providence Hospital where he remained six weeks, during which time he was operated upon in the rectal region by Dr. Andries. In September, plaintiff was again operated upon by Dr. Andries for the drainage of an abscess.

From February to May, 1931, plaintiff was at the University Hospital at Ann Arbor during which time he underwent three operations, two of them rectal and one abdominal. In June, 1931, plaintiff went to Colorado where he was treated by Dr. Chisholm and had six operations for rectal troubles.

On May 11, 1932, plaintiff commenced a suit by declaration against the defendant alleging that defendant held himself out to the public and to the plaintiff as a physician and surgeon, skilled as a specialist in diseases of the rectum; that on May 12, 1930, plaintiff was suffering from a rectal disease known as hemorrhoids; that on said day defendant was employed to perform a rectal operation to remove said hemorrhoids and to treat and cure plaintiff; that defendant entered upon said employment for a consideration and undertook to remove said hemorrhoids; that defendant did not perform said operation and remove the hemorrhoids in a skillful and careful manner and did not continue the treatment of plaintiff until he was restored to health; that defendant was negligent in performing said operation and the removal of the hemorrhoids and

their treatment and that as a result a streptococcic infection set in resulting in a pelvic abscess.

To this declaration defendant filed an answer in which it was alleged that any treatment administered to plaintiff by defendant terminated on December 7, 1929, and as to this course of treatment the statute of limitations was pleaded (3 Comp. Laws 1929, § 13976, subd. 3). The answer also set up the admitted fact that on the 12th day of May, 1930, plaintiff called at defendant's office suffering from a severe proctitis with a spasm of the sphincter muscle.

The case came on for trial April 17, 1934, and upon the calling of plaintiff as a witness, defendant objected upon the ground that the declaration did not state a cause of action. The trial judge thereupon permitted plaintiff to file a bill of particulars specifying the acts of defendant relied upon by plaintiff as constituting failure to exercise due care, skill and diligence. The cause was continued and plaintiff filed a bill of particulars which recited that the negligence, unskillfulness and malpractice of defendant consisted:

(a) In not properly diagnosing plaintiff's condition on May 12, 1930, and subsequently, and thereby learning that plaintiff was in a condition where it would be dangerous to relax the sphincter muscle;

(b) In relaxing the sphincter muscle in view of the then condition of plaintiff;

(c) In not properly diagnosing plaintiff's condition on May 14, 1930, and in not prescribing proper medicines and treatments therefor.

The defendant filed objections to the bill of particulars:

(1) Because said bill of particulars is, in effect, an amendment to plaintiff's declaration;

(2)    Because said bill of particulars purports to state a cause of action not stated in plaintiff's declaration;

(3)    Because plaintiff may not now claim a cause of action not alleged in the declaration by reason of the fact that the statute of limitations has expired;

(4)    Because said bill of particulars is an attempt to do indirectly what the law forbids plaintiff to do directly.

On December 13, 1934, the cause was tried resulting in a verdict for plaintiff. During the progress of the trial defendant objected to the introduction of any testimony because of the insufficiency of the declaration and because the bill of particulars stated a new cause of action. At the close of all testimony defendant moved for a directed verdict and later filed a motion for a new trial. Both motions were denied. Defendant appeals.

It is plaintiff's claim that to relax the sphincter muscle was an operation; that it was malpractice to relax the sphincter muscle in the presence of proctitis; that this procedure caused a rectal abscess; and that this rectal abscess caused the conditions found by Dr. Chisholm. Plaintiff also claims lack of proper examination of plaintiff on May 12th and failure to treat properly plaintiff's condition on May 14th.

The first question that presents itself is the sufficiency of the declaration. The declaration alleged the time of the claimed grievances as May 12, 1930; the duty of defendant to remove the hemorrhoids in a careful and skillful manner and to treat plaintiff for said disease skillfully; and the failure of defendant to perform said operation and remove said hemorrhoids in a skillful manner.

"The declaration shall contain such specific allegations as will reasonably inform the defendant of the nature of the cause he is called upon to defend. Each allegation shall be set forth in a separate paragraph, and the various paragraphs shall be numbered consecutively." Court Rule No. 19, § 1, (1933).

In *Anderson* v. *Mollitor,* 223 Mich. 159, we said,

"Pleadings still serve some purpose; they limit issues of fact to disputed questions they present and of which they give timely notice to the parties."

And in *Schindler* v. *Railway Co.,* 77 Mich. 136, 154, we said:

"The decisions of this Court have been uniform that no proof of negligence can be received, beyond what is alleged, and that allegations of the wrong are necessary. In *Batterson* v. *Railway Co.,* 49 Mich. 184, it was held that no proof could be a ground of recovery, not within what was alleged with reasonable certainty. The same rule was laid down in *Henry* v. *Railway Co.,* 49 Mich. 495, and *Marquette, H. & O. R. Co.* v. *Marcott,* 41 Mich. 433. In *Ives* v. *Williams,* 53 Mich. 636, it was held a failure to demur would not allow the scope of a declaration to be enlarged beyond what it would have been if properly framed on the same allegations. The same principle was laid down fully in *Parker* v. *Armstrong,* 55 Mich. 176, holding that a declaration bad intrinsically, for want of needful averments, could not be made good by not demurring. See, also, *Stoflet* v. *Marker,* 34 Mich. 313; *Jackson* v. *Collins,* 39 Mich. 557; *Klanowski* v. *Railway Co.,* 64 Mich. 279; *Thompson* v. *Railway Co.,* 57 Mich. 300.
"Unless something definite is averred, there is nothing to enable it to be known what is pertinent to the issue. A person suing for a single cause of

action is bound to know beforehand what wrong he complains of, and wherein the wrong consists. It is not competent to go before a jury on uncertain or conflicting claims. Neither is it competent for a court to allow a mass of testimony to go before a jury, and leave them to decide, each for himself, what is legal negligence and what is not. See cases above, and *Anderson* v. *Thunder Bay River Boom Co.,* 57 Mich. 216; *Lindstrand* v. *Delta Lumber Co.,* 65 Mich. 254, 259.''

*Green* v. *Railroad Co.,* 168 Mich. 104 (Ann. Cas. 1913C, 98), was a personal injury case resulting in death. The sufficiency of plaintiff's declaration was before the court and it was said:

''When a declaration fails to advise the defendant with reasonable certainty, according to the circumstances of the case, of the facts upon which plaintiff proposes to rely, and will seek to prove, it cannot be sustained.''

In the instant case there is not a plain and clear statement of the facts of the claimed wrong in plaintiff's declaration; it does not apprise defendant of the grounds upon which plaintiff relies; it speaks in terms of an operation for hemorrhoids as of May 12, 1930, and the resulting breach of duty in connection therewith, while the undisputed testimony is that this operation was performed prior to December, 1929, and was barred by the statute of limitations (3 Comp. Laws 1929, § 13976, subd. 3) when the declaration was filed. The declaration did not state a cause of action.

The function of a bill of particulars is well stated in *American Cigar Co.* v. *Shewitz,* 224 Mich. 556:

''While technically a bill of particulars is not a part of the declaration and cannot change the issue

made by the pleadings it has more than once been said to be explanatory of the declaration and in amplification of it.''

"The object of the practice for the production of bills of particulars is to obviate the uncertainty of general pleading. The intent is to secure such information as will enable the parties to make an intelligent preparation for trial, and to enter upon the investigation before the court or jury with an understanding as to what is really in controversy. The bill of particulars is often mentioned as being an amplification of the declaration, or as entitled to be considered as a part of the pleading. But such expressions are metaphorical. The bill is never in strictness a component of the pleading. It may have the effect of a pleading in so far as it restricts the proofs to what it contains.'' *Cicotte* v. *Wayne Co.,* 44 Mich. 173.

"A bill of particulars is not a pleading in any court. It may restrict, but cannot enlarge, the scope of the recovery permissible under the declaration, and the issue made by the pleadings is not changed by its amendment.'' *Applebaum* v. *Goldman,* 155 Mich. 369.

The bill of particulars was filed in April, 1934. It speaks in terms of malpractice in connection with the relaxing of the sphincter muscle in the presence of proctitis. It abandons the claimed malpractice in connection with the hemorrhoid operation as alleged in the declaration and as such alleges a new cause of action not contained in the original declaration.

In *Bockoff* v. *Curtis,* 241 Mich. 553, we said:

"It is not within the discretion of a trial court to permit an amendment which states a cause of action barred by the statute of limitations.''

See, also, *People, ex rel. Gorman,* v. *Newaygo Circuit Judge,* 27 Mich. 138; *Wingert* v. *Wayne Circuit Judge,* 101 Mich. 395; *Flint & Pere Marquette R. Co.* v. *Wayne Circuit Judge,* 108 Mich. 80.

The judgment of the lower court is reversed, without a new trial. Defendant may recover costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred.